Lipscomb, J.
The judgment was rendered on the 5th October, 1844. The appeal was taken on the 12th of December, 1844. By the 7th section of the act to organize the supreme court and define.the powers thereof, it is provided that “ In all cases taken to the supreme court, in case the copy of the record in the cause in the court below shall not be filed with the clerk of the supreme court, on or before the first day of the term to which such case was taken or returnable, it shall be lawful for the court, on motion of the defendant in appeal, and on producing a copy of the citation duly served on the defendant, to dismiss the cause; but the same may be reinstated at any time during the term, if good cause be shown to the satisfaction of the court, why a copy of the record was not filed in due time.” Laws Texas, *(396) vol. 1, 80. The first term of the court after taking the appeal wae in December, 1845. At any time during that term the discretion of the court could have been exercised in permitting the cause to be docketed; but after that hád passed, the court had no longer any power to exercise a discretion or to take jurisdiction of the appeal — the law must govern; and it is no answer to say that there was a general impression that there would be no court at that time; that was no excuse for not making the return, no more than the failure of a judge of the district court to hold a term would excuse the not making a return of any process required by law to be made at the time fixed by law for holding the term. In the case before us the record was not filed until the 8th of December, 1846, almost two years from the time of taking out the appeal. If there are any circumstances of hardship in this case, it is not in our power to notice them; for it must be recollected that it is not with us to^exercise a discretion, not conferred, but withheld from us by law. The motion is granted. This applies to all the cases in which a similar motion was granted.
[The other cases to which this judgment of dismissal applies are those of John W. Scott et al. v. Wm. C. Young; the Same v. A. H. Latimer; the Same v. B. H. Martin; the Same v. E. H. Tarrant.— REPORTER.]