## CALVERT vs. WALKER — Appeal from Harris County.

_An affirmance without reference to the merits, because the transcript was not filed within the time prescribed by law, will not be granted, unless it appear affirmatively, that the court, from which the appeal was taken, was adjourned before the commencement of the term of this court, to which the appeal was returned.

When the transcript of the record is filed by the appellee, before the expiration of the thirty days, the rights of the appellant, in respect to the disposition of the cause, attached, and the record is no longer within the exclusive control of the appellee.

It is incumbent on a party seeking to enforce so rigorous a rule as the affirmance of a judgment regardless of the merits, to show, affirmatively, every fact which is necessary to bring the case strictly and literally within the provision of the statute.

PERLEY for appellant.

J. W. HENDERSON and ALEXANDER for appellee.

Mr. Justice WHEELER delivered the opinion of the court.

This cause was tried at the fall term, now last past, of the district court for Harris county.

The appeal bond was filed on the 12th of December, 1848. The transcript of the record was filed by the appellee, before the expiration of thirty days after the commencement of the present term of this court, and he now moves an affirmance of the judgment, under the provision of the 4th section of an act to amend certain sections of "an act to organize the Supreme Court of the State of Texas." [p. 74, sec. 4.] It appears that the appellant directed the transcript to be made out; but that when made out, it was handed by the clerk to the appellee, by whom it was forwarded, and caused to be here filed. The appellant applied for it on the 5th instant, but was informed that the clerk had already given it to the appellee. He thereupon submitted his affidavit, setting forth these facts, and that "it was not practicable to get the record made out and forwarded to Austin, by the third day " of the present term of this court. He resists the motion to affirm, insisting on his right to be heard touching the merits of the case.

We are of opinion, that an affirmance of course ought not to be allowed, because —

1st. It does not appear, nor can we judicially know, that the term of the district court of Harris county, from which this appeal was prosecuted, was adjourned before the commencement of the present term of this court; or, that it has been yet adjourned.

2d. The transcript was filed before the expiration of the thirty days; and though filed by the appellee, when filed, the rights of the appellant, touching the disposition of the cause, attached, and the record was no longer within the exclusive control of the appellee. The filing by the appellee superseded the necessity of any subsequent filing by the appellant; and we cannot undertake to say that the appellant, had he not found the transcript filed, might not have filed it himself within the thirty days, accounting satisfactorily for the delay.

We think it incumbent on a party, seeking to enforce so rigorous a rule as the affirmance of a judgment, regardless of the merits, to show, affirmatively, every fact which is necessary to bring his case strictly and literally within the provision of the statute. This, it is considered, is not done in the present case; and we are, therefore, of opinion that the motion be refused.

We are, moreover, of opinion, that no negligence or *laches* can be justly imputed to the appellant in this case; that he has shown good cause for not having filed the transcript within the time prescribed; and that the cause is properly before us for revision.