ROBERTS AND SWISHER VS. LUTICIA LANDRUM — Error .from Washington County.

Neither party can have a cause docketed in this court at a term subsequent to the one at which the appeal or writ of error should have been prosecuted.

A supersedeas has lost its force after the expiration of the term of the supreme court succeeding its issue, and the party may proceed as if no such writ had issued.   [*Post*, 189; 14 Tex. 18.]

Citations on writs of error should issue immediately after the writ is sued out; and if it be not served, *alias* and *pluries* citations should follow, without unnecessary delay.

GILLESPIE for plaintiffs in error.

WEBB AND SAYLES for defendant in error.

Mr. Justice LIPSCOMB, having been of counsel in this cause in the court below, did not sit.

Opinion delivered by Chief Justice HEMPHILL.

The petition for the writ of error was filed in October, 1846, and bond for its prosecution executed on the same day. No citation to the defendant in error issued until the 10th September, 1848, and she now brings up the record, and prays for an affirmance of the judgment.

We have often ruled, that an appeal or writ of error must be prosecuted at the term succeeding the application for appeal; and consequently, neither party can have the cause docketed at any subsequent term of the court. The defendant, it is true, had no express notice by citation, until nearly two years after the writ of error had been obtained; but the supersedeas on the execution operated as virtual notice of the fact, and she should, at the first term after the suing out of the writ, have had the cause placed on the docket, and disposed of: or, by obtaining the usual certificate that the cause was not on the docket of this court, she might have had her execution below. The supersedeas lost its force after the expiration of the term of the supreme court succeeding its. issue, and the defendant might have proceeded, as if no such writ were in existence.

Citations on writs of error should issue immediately after

the writ is sued out, with *alias* and *pluries* citations, in case the first be not served. The citation was improperly issued in this instance. The proceeding had lost all vitality, and could not be revived by a citation, which should never be issued when a term of the supreme court has intervened after the application for the writ of error.

The case is improperly on the docket, and it is ordered that the same be stricken off.