URBANE vs. JOHNSON, BURNETT et al.— From Austin County.

After the adjournment of the term to which a writ of error is made returnable, it is too late to hear an application to docket the cause, or receive any excuse for the delay.

It is the duty of the appellant or plaintiff in error to file with the clerk of this court a transcript of the record on or before the third day of the term to which the appeal or writ of error is returnable; but if the transcript be presented at any time during that term, it will be docketed, if satisfactory cause for the delay be shown to the court.

This was a motion made at the term subsequent to the one to which the writ of error was returnable, for permission to file a transcript of the record, and to docket the cause.

Opinion of the court by Judge Lipscomb.

The judgment of the district court of Austin county was rendered in this case at the fall term, 1846, against the defendants.    In January, 1847, a writ of error was sued out to bring the cause before this court for revision.    The record was not brought up to the last term of this court, which was the first succeeding term after the issuance of the writ, and consequently the term to which it was returnable.

An application is now made for leave to file the record, supported by the affidavit of the counsel for the defendants in the judgment, setting forth various reasons, or excuses, for a failure to file the record at the last term of the court.

We consider the law as explicit, that the record should have been filed with the clerk of this court on or before the third day of the last term.    [See 1 vol. Stat. Acts, 256, sec. 22.]    If, however, it had been presented at any time during the term, it would have been docketed, if cause for the delay, to the satisfaction of the court, had been shown.    But after the adjournment of the term to which the writ was returnable, it is too late to receive the application or to hear any excuse.    The motion is therefore overruled.