Lipscomb, J.
The act of the legislature directing the manner in which writs of error shall be granted, (Hart. Dig., art. 703,) among other things, has this provision : “ Upon the filing of any such petition the clerk shall issue a “citation directed to the sheriff of the county where the opposite party is al“leged to reside, together with a copy of the petition, commanding him,” &c., &c. Again, in the same article, “And if the party is a non-resident of the “State or cannot be found, the citation may be served on the attorney of “record.” A fair construction of the statute, it would seem, requires that in the petition for the writ it should be stated in what county the defendant resides, ■or that he is a non-resident of tire State. If he is a resident of the State the citation should be directed to the sheriff of the county of his residence. If he is a non-resident it may be served on his attorney. So also if he is a resident of the State but cannot be found, which can only be tested by an effort to find him in the county of his alleged residence. If the petition in this case had alleged the residence and the citation had been directed to the sheriff of the county of such residence, and he liad returned not found, on this fact being alleged, the plaintiff could have had an alias citation directed to the attorney of record; or if the defendant was a non-resident of the State, on such allegation being made by the plaintiff in his original petition for a writ of error, or subsequently on taking out another citation, it could have been directed to and served upon the attorney of record. In James & Eastman v. Gray’s Heirs, (3 Tex. R., 514,) we say, “the defendant may have resided in an adjoining “ county for aught that appears to the contrary. It seems that the “plaintiff in error, if the residence of the defendant was not known, should ‘‘have so alleged in his application for the writ to have authorized its service “ on the attorney.” It is not, however, to be understood that if the defendant resided in a county not adjoining to the one where the proceedings were instituted service on the attorney would have been sufficient. The petition for a citation in this case alleges nothing as to the residence of the defendant in error. It prays that a citation be issued directed to the sheriff of Nacogdoches county,commanding the defendant to appear before the Supreme Court at its next term. This citation is returned by the sheriff “not found.” The next citation is issued without any reference to the first or the return thereon, and directs the sheriff to serve it on the defendant or his attorney Charles S. Taylor.. With the utmost liberality of construction wc cannot regard the proceedings in this case as a substantial compliance with the statute, but alike repugnant to its intent and moaning and to the decision of this court in the case cited.
We will proceed to the second ground on which the defendant in error rests his motion to dismiss the writ. The record shows that the first citation was issued on the 9th of May, 1851, and returned on the 23d of the same month “not found.” The second citation was issued on tliellth of August, 1852, and executed on the same day. There was an interval of about fifteen months between the two. The act of the legislature (art. before cited) directs, “ if any “ such citation shall not be served the clerk shall issue an alias or pluris citation forthwith.” If 'the stat ute had been regarded, citation could have been served in time for the April Term, 1S52, of this court; but this term was pre-termitted, and the alias citation not issued until after the term, and the record therefore not, filed until the commencement of this term. On this ground-as well as the first we believe the motion to dismiss must be sustained.
Writ of error dismissed. .
Hois 69. — Adkins v. Forehand, ante 270.