. T. G. DAVENPORT v. J. FIELD.

Where there was no return of the citation in error, and the defendant in error obtained the transcript and filed the same with a motion to dismiss, on the ground that the citation had not been served on him, the Court struck the case from the docket.

Error from Harrison.   Motion to dismiss.

*Poag*, for plaintiff in error.

*D. Field*, for defendant in error.

LIPSCOMB, J.   In this case, there has been a motion submitted by the defendant in error, to dismiss, for the want of a citation served on him.   The record shows a petition for a writ of error, and a bond, but does not show that any citation had been served upon the defendant in error.   The Clerk certifies that the citation had been issued to the Sheriff of Harrison County, but no return had been made, and certifies that the transcript was demanded by the counsel for the defendant in error, on the 1st April, 1854.   It does not appear from the indorsement of the Clerk of this Court, which party filed the transcript; but, as it is the same demanded by the counsel for the defendant in error, the presumption is that it was filed by him. In Mills v. Bagby, 4 Tex. R. 320, we ruled that the plaintiff in error has no right to the record or transcript, until after the service of the citation on the opposite party ; and if the defendant were permitted to take a transcript before such service, and present it to this Court, and have the judgment affirmed, it would preclude the plaintiff from an opportunity of having his rights inquired into, in this Court, as he has no right to the transcript, until citation is returned into the Clerk's

office, executed. (Hart. Dig. Art. 793.) And in that case, the order of the Court was that it should be stricken from the docket, at the cost of the party filing the transcript. The same is ordered in this case.