Wilson v. Truehart.

JAMES F. WILSON v. JOHN O. TRUEHART AND OTHERS.

13 287
86 121

Where service of the citation in error is perfected during the Term of the Supreme Court, and forty days elapse before the adjournment of the Term, the writ is returnable to such Term, and cannot be returned to a subsequent Term, nor can an affirmance, on certificate, without reference to the merits, be moved at such subsequent Term.

Error from Galveston. Some of the defendants in error filed a certificate, and moved an affirmance of the judgment, without reference to the merits.

*Allen & Hale,* for motion.

WHEELER, J. The motion for an affirmance of judgment must be refused. If Zink be not a necessary party to the writ of error, service appears to have been perfected on the 10th day of January, 1854, during the last Term of this Court; and more than forty days having elapsed before the adjournment of the Court, the record should have been filed during that Term. After the expiration of that period, the appellant, under the ruling of this Court in the case of Wheeler v. The

State, (8 Tex. R. 228,) had lost the right to have the judgment revised on this writ of error ; and the defendants in error might have had an affirmance of judgment without reference to the merits.   But the return Term having passed, the case is not properly cognizable at this Term, and the motion comes too late.   If, on the other hand, Zink be a necessary party to the writ of error, it does not appear that he has been served with process ; so that in neither case can the motion prevail.

If the writ of error and the proceedings thereon were before us, it might present a different case, and it might become necessary to determine whether Zink was a necessary or proper party to the writ of error, and whether due diligence has been used to obtain service on him.   But at present, it is only necessary to determine that the case is not properly before us for an affirmance of the judgment.

Motion overruled.