ADOLPHUS GLAVÆCKE v. T. E. DELMAS AND ANOTHER.

Where the plaintiff in error does not use proper diligence to obtain service of
the citation in error, the defendant in error may bring up the record for the pur-
pose of having the writ of error dismissed ; or, if he sees proper to waive that
right, and to appear in this Court and submit the case upon the merits, he may
do so, taking the consequence, of course, of having the judgment reversed, should
there be error apparent upon the record, of a character to require notice by the
Court, without an assignment of error.

Where service of the citation in error has been perfected, the defendant in error
cannot bring up the record, so as to defeat the right of the plaintiff to assign errors,
until after the period allowed the latter for that purpose. Nor can he do so,
where the plaintiff has used due diligence, and has failed to obtain service.

See what is said in this case as to notice to the plaintiff in error in some cases, be-
fore the Court would dismiss the writ of error or affirm the judgment on the
merits, where the defendant in error brings up the record before service of the
citation in error has been perfected, and moves a dismissal or affirmance on the
ground of the negligence of the plaintiff in error.

Error from Cameron.   Action by T. E. Delmas & T. Del-
mas, partners, against Adolphus Glavæcke.   Judgment for
plaintiffs, November 15th, 1852, by default.   Petition for writ
of error, and bond, filed February 15th, 1853.   Citation in er-
ror issued December 8th, 1853, and executed on T. Delmas,
December 9th, 1853.   Transcript delivered to T. E. Delmas
December 18th, 1854.   Filed December 30th, 1854.   January
3rd, 1855, motion by defendants in error to affirm the judg-
ment against the plaintiff in error and his sureties.   February
5th, motion by plaintiff in error to strike from docket.

*Allen & Hale*, for plaintiff in error.

*F. H. Merriman*, for defendant in error.

WHEELER, J.   On the 9th of December, 1853, there was
service on one of the defendants in error.   But the other de-
fendant not having been served, the plaintiff in error was not

required to bring up the case to the last Term of this Court: but he was required to use legal diligence to perfect service, and prosecute his writ of error to judgment. (Wheeler v. The State, 8 Tex. R. 228.) He, however, suffered more than a year to elapse without taking out an *alias* citation in order to perfect service. This was such delay as warranted the presumption that he had declined further to prosecute his writ of error; and as entitled the defendants in error to have it dismissed, when the latter applied and obtained the transcript on the 18th of December, 1854. There is nothing in the law to prevent the defendants from bringing up the record for that purpose. Or, if they see proper to waive that right, and appear in this Court and submit the case upon the merit, they may do so, taking the consequence, of course, of having the judgment reversed, should there be error apparent upon the record, of a character to require notice by the Court, without an assignment of error.

Where service has been perfected, the defendant in error cannot bring up the record, so as to defeat the right of the plaintiff to assign errors, until after the period allowed the latter for that purpose. Nor can he do so, where the plaintiff has used diligence, and has failed to obtain service. But it is the duty of the plaintiff to prosecute his writ of error to judgment: and if he will not, it is the right of the defendant to have it determined by the judgment of the Court, either dismissing the writ, or adjudicating the case upon the merits. The plaintiff in error cannot make his own neglect to perfect service and bring up the record, a ground for striking the case from the docket, when brought up by the appellee. The most that could be asked on his behalf, is, that he should have notice, and an opportunity afforded of accounting for his delay, and of being heard upon the merits of his case: which, if the nature of the case seemed such as to require it, in order to its just disposition, might be accorded to him by the Court. The present is not such a case; and we are of opinion that the motion to strike from the docket be overruled.

The defendants in error having submitted the case for an affirmance of judgment on the merits; and there being no error apparent upon the record, which has not been cured by their remittitur, the judgment is affirmed.

Judgment affirmed.