EMELINE GRAHAM v. CHRISTOPHER H. STERNS' ADM'RS.

We have heretofore held, that the petition or citation in error must contain such certainty of description, as to notify the defendant, with reasonable certainty, what judgment it is proposed to revise.

Liberal as our practice is, in dispensing with merely formal matters, still, it requires the observance of certain forms, in order to preserve coherence and consistency ; and these cannot be dispensed with.

Where the petition for a writ of error was filed on the 11th of December, 1854, and citation was issued and served on the 13th, and an amendment to the petition, making another party defendant in error, was filed on the 15th of same month, and citation was not issued thereon until the 17th of January, 1856, when it was issued and served the next day, and the transcript filed on the 25th of January, 1856, (a Term of this Court having commenced on the first Monday in January, 1855,) the writ of error was dismissed on the ground that by proper diligence in the prosecution of it, it could have been returned to the previous Term of this Court.

Error from Harris.    Tried before the Hon. Constantine W. Buckley.

Suit by Christopher H. Sterns against Emeline Sterns, for

divorce. Decree rendered December 31st, 1852, granting the divorce and vesting in the said Christopher all the community property and all the separate property of the said Emeline, "in accordance with the agreement or power of attorney filed in this cause;" and that the plaintiff pay all costs, for which execution may issue. The agreement or power of attorney recited a consideration of six thousand dollars, and was to control the property if a divorce should be granted. The decree also gave the custody of the children to the husband.— The petition for writ of error was filed December 11th, 1854. It purported to be the petition of Emeline Graham, formerly Emeline Sterns, and her husband, ———— Graham; alleged that at the December Term of the District Court, A. D., 1852, begun and held for and within the County of Harris, a certain suit, formerly instituted in the County of Galveston, against your petitioner, Emeline Graham, then Emeline Sterns, by and in favor of Christopher H. Sterns, was removed to said County of Harris, and at said Term, such judgment and decree was then and there rendered as to make partition of petitioner's property in said decree, and judgment for costs against her in such suit incurred; alleged the death of Sterns since said decree, and that one Elam W. Stockbridge had obtained letters of administration, &c.; alleged error, and prayed a citation in error to be served on said administrator. Citation was issued accordingly on the 13th of December, 1854, and was executed on Stockbridge same day. December 15th, 1854, the petition for writ of error was amended by alleging that Melinda G. Stockbridge, a resident of said county, wife of the said Elam W. Stockbridge, was joined with said Elam in the administration, and prayed citation to her and the said Elam. Citations issued on the 17th of January, 1856, and served on both on the next day. The citations did not add to or vary the description of the decree, as given in the petition. The transcript was filed in this Court on the 25th of January, 1856. A Term of this Court commenced at Galveston, where

writs of error from Harris County were returnable, on the first Monday in January, 1855. The defendants in error moved to dismiss the writ of error, on the grounds stated in the Opinion.

*Allen & Hale* and *R. H. Howard*, for plaintiffs in error.

*H. N. & M. M. Potter*, for defendants in error, on motion to dismiss, cited Spann v. French, 13 Tex. 91 ; and Wilson v. Trueheart, Id. 287.

WHEELER, J. Two grounds are relied on to dismiss the writ of error : 1st. That there is a misdescription of the judgment. 2nd. The want of legal diligence in prosecuting the writ of error. The judgment brought up for revision was rendered in a suit for divorce, wherein a divorce was decreed ; certain property of the wife, certain community property, and the custody of the children were decreed to the husband, who was plaintiff : and he was adjudged to pay the costs. The petition in error describes a suit between the parties decided at that Term, wherein " such judgment and decree was then and there rendered, as to make partition of petitioner's property in said decree, and judgment for costs against her in such suit incurred." It is not stated that any decree of divorce was rendered, or that it was in a suit for divorce. It cannot be pretended that the petition describes the judgment brought up for revision. The nature and effect of the judgment are misdescribed. It is not a defective or insufficient description merely, but a total misdescription.

We have heretofore held, that the petition or citation in error must contain such certainty of description as to notify the defendant, with reasonable certainty, what judgment it is proposed to revise. (5 Tex. 566 ; 6 Id. 250 ; 10 Id. 35, 38.)— If less were required, it is difficult to perceive what sensible

object the service upon the defendant of a copy of the petition and citation, is to subserve.   Liberal as our practice is, in dispensing with merely formal matters, still, it requires the observance of certain forms, in order to preserve coherence and consistency in judicial proceedings ; and these cannot be dispensed with.   If the requirements of the statute, in these respects, were not observed, and no regard had to the regularity of judicial proceedings, the records of those proceedings would cease to be intelligible, and might as well be at once dispensed with.

But if the misdescription of the judgment were not sufficient to require the dismissal of the writ of error, the omission to prosecute it with the diligence which the law requires, must be so held.   The statute is imperative, that the citation shall issue immediately, " upon the filing of such petition."   It is returnable in thirty days.   If the party is a non-resident, or cannot be found, it may be served on the attorney of record.   If not served, an *alias* must issue " forthwith."   A diligent observance of these requirements of the law has been heretofore insisted on.   (8 Tex. R. 228 ; Chambers v. Shaw, *supra*.)   And it is evident, if they be observed, there can be but little delay, in bringing up a cause for revision, after the filing of the petition in error.   It is not less evident that, to maintain the present writ of error, must be to sanction an utter disregard of the plain requirements of the statute.   If the citation had been taken out as the law requires, it might have been served and returned to the last Term of this Court.   But it was not taken out for more than a year after the filing of the petition.

In the absence of anything appearing to the contrary, we must suppose this delay was the fault of the party, rather than of the officer.   But if it was the fault of the officer, in not issuing citation in the first instance, the party was bound to know when citation should have been returned served ; when he would have been entitled to demand the transcript.   If even then, he had caused a citation to issue " forthwith," as

the law requires, he might have had service in time to have brought the case to the last Term of this Court. Upon neither citation issued, was there a delay of more than a day in obtaining service; so that there is no cause to apprehend, that, with the requisite diligence, service might not have been had immediately. It is needless to advert to the inconvenience, and, indeed, the abuses to which such a practice would tend. It will suffice to dispose of the case, that to maintain the present writ of error, would be to sanction an utter disregard, not only of the manifest policy and spirit, but of the plain letter of the law. The writ of error must, therefore, be dismissed.

Writ of error dismissed.