HUGH WHITE v. JOHN S. PROCTOR.

Where it does not appear by the certificate filed, that the citation in error has been served, the defendant in error cannot claim an affirmance without reference to the merits.

Where the judgment was obtained on the first day of May, 1856, and the Court adjourned on the third, and the petition for the writ of error and bond were filed on the 8th of September, and the defendants in error were alleged to reside in the county where the judgment was recovered, the Court overruled a motion made at the November Term, following, to dismiss the writ of error for laches of the plaintiff in error in not procuring service of the citation in error, said motion being based not on a transcript of the whole record, but on a transcript of only the judgment, order of adjournment, petition for writ of error and bond.

The defendant in error might have acknowledged service, and then, if the plaintiff in error failed to bring up the record within the time prescribed, his motion to affirm upon certificate, without reference to the merits, would have prevailed; or he might, if he saw proper, have submitted the case upon the whole record, with a suggestion of delay; having given notice to the plaintiff in error. But his suggestion of delay cannot be entertained upon a certificate.

Error from Caldwell. The judgment was rendered on the first day of May, 1856; the Court adjourned on the third; the petition for writ of error and bond were filed on the 8th of September; and the certificate was filed in this Court on the 23rd of October, 1856.

*T. Rogan*, for defendant in error.

WHEELER, J. The defendant in error has filed a certified copy of the judgment, petition in error and bond, with two distinct motions; one for an affirmance without reference to the merits; the other for a dismissal of the petition in error. He has also suggested delay. For the plaintiff in error there has been no appearance. The motion to affirm without reference to the merits must be refused, because it does not appear by

the certificate, that the citation has been served, as required by the statute. (Hart. Dig. Art. 2938; Patton v. Laforce, 14 Tex. R. 240 ; Wilson v. Truehart, 13 Tex. R. 287 ; 14 Id. 31 ; Chambers v. Shaw, Feb. Term 1856, 16 Tex. R. 143.)

· The same disposition must be made of the motion to dismiss. The grounds of the motion are, that the plaintiff in error has not assigned errors ; and that the citation has not been served. But the plaintiff is not required to assign errors until after service of the citation. For aught that appears he may have used due diligence to obtain service ; and if so, the want of it is no ground for dismissing the writ of error. If the whole record were before us, it might appear that he has been guilty of such laches as to warrant the dismissing of the writ of error (Ib. ; Glavæcke v. Delmas, 13 Tex. 495.) But it does not so appear by anything embraced in the certificate. The defend ant in error might have acknowledged service, and then, if the plaintiff failed to bring up the record within the time prescribed, his motion to affirm, upon certificate, without reference to the merits, would have prevailed ; or he might, if he saw proper, have submitted the case upon the whole record, with a suggestion of delay ; having given notice to the plaintiff in error. But his suggestion of delay cannot be entertained upon a certificate.

The defendant in error is not without his remedy, if the plaintiff fails to prosecute his writ of error; but upon the certificate before us his motion must be refused.

Ordered accordingly.