## J. G. STEPHENS v. W. T. THAYER.

See the opinion in this case for remarks concerning the objects and construction of the fifth and sixth sections of the Act of February 11th, 1850, concerning the practice and proceedings in the Supreme Court.

The rule established by this court, for the return term of every case, is regulated by the fifth section, and is as follows: If the appeal has been perfected, or the citation in error served forty days before the first day of the time designated by the Supreme Court for the trial of causes from the district to which the case belongs, then the transcript must be filed here; but the case is not properly returnable to this court unless forty days have elapsed between the time when the appeal was perfected, or the citation served, and the first day of the time designated by this court for the trial of causes from the district to which the case belongs.

Consent of parties, nor a premature docketing of a cause for a term preceding that to which it is under this rule returnable, will not vary the order adopted under it for the disposal of causes; but such causes will remain on the docket, and will be transferred to the docket of the next term. The only exceptions to this rule will be such as may be made by the court from considerations of humanity, or where a proper respect for public interests demands a speedy adjudication.

ERROR from Hunt. Tried below before the Hon. W. S. Todd.

*J. Farr,* for the plaintiff in error.

*Donley & Anderson,* for the defendant in error.

BELL, J.—In this case the citation in error was executed on the 19th day of April, 1860, which was less than forty days before the first day of the present term of this court. We think it proper to embrace the opportunity which this case presents to announce distinctly what the practice of this court will be, in like cases, for the future. It has never been the intention of the legislature to prescribe a rule that would make it the duty of this court to entertain and consider all causes which might be brought here, without any reference to the time when the appeal was perfected or the citation in error served in the particular case. The Act of February, 11th, 1850, concerning the proceedings in the Supreme Court, directed in the fifth section, that the appellant or plaintiff in error should file a transcript of the record with the

clerk of the Supreme Court, on or before the first of the term of said court next succeeding the time when the appeal was perfected or the citation on the petition for writ of error was served; or on or before the first day of the time during said term, that may have been designated by the Supreme Court, for the trial of causes from the district in which such appeal or writ of error was taken; provided, that such appeal was perfected or such citation was served forty days before the said first day of the term next succeeding the taking thereof, or forty days before the first day of the time in said term designated by said court for the trial of causes from the said district.

This act further provided, in its sixth section, that if the appeal was not perfected, or if the citation in error was not served, forty days *before* the time during the next succeeding term of the Supreme Court designated for the trial of causes from the district to which the case belonged, then it should be the duty of the appellant or plaintiff in error to file a transcript of the record with the clerk of the Supreme Court *within forty days after* the time when the appeal was perfected or the citation in error was served; provided the appeal was perfected or the citation served at any time before the first day of February next succeeding the taking of the appeal or writ of error; but if the appeal or writ of error was not perfected or served, as the case might be, forty days before the first day of February next succeeding the taking of the appeal or writ of error, then it was the duty of the appellant or plaintiff in error to file the transcript as directed by the provisions of the fifth section of the act; or, in other words, the case would not be returnable to the term of the Supreme Court during which the appeal was perfected or the citation served, but would be returnable to the next term. These provisions of the sixth section of the act were contradictory in themselves, because in one place it was said, that if the appeal was perfected or the citation served *at any time* before the first day of February next succeeding the taking of the appeal or writ of error, the transcript should be filed, while in the next clause it was declared, that if the appeal was not perfected or the citation served *forty days before the first day of February* next succeeding the taking of the appeal

or writ of error, the transcript should not be filed at that term. This court, however, deduced a rule of practice from the section by construction. But when the court was branched, and held its sessions at three places instead of one, the provisions of the sixth ·section of the act became wholly inapplicable to the new condition of things, and the court has ever since been embarrassed by the difficulty of applying the spirit of the statute to a state of things not contemplated by the statute. The rule laid down in the case of Wheeler v. The State, 8th Tex., 228, has, however, been adhered to by the court as undeviatingly as was practicable.

The sixth section of the act of the 11th of February, 1850, was repealed by the legislature at its last session, leaving the fifth section of the act to furnish the rule for bringing causes into this court. The provisions of the fifth section of the act are perfectly plain and intelligible. If the appeal has been perfected or the citation in error served forty days before the first day of the time designated by the Supreme Court for the trial of causes from the district to which the case belongs, then the transcript must be filed here; but the case is not properly returnable to this court unless forty days have elapsed between the time when the appeal was perfected or the citation served and the first day of the time designated by this court for the trial of causes from the district to which the case belongs. This rule will fix the return term of every case. If a case be brought here, by the consent of parties, at a time before it was properly returnable, such consent of parties, or, in other words, the mere fact that the transcript is here, will not impose upon the court any obligation to consider the case. Such cases will be permitted to remain on the docket of the court, and will be transferred by the clerk to the docket of the next term; but the court will proceed to dispose of causes which have been properly brought here, in their due order, and no exception will be made in favor of any case, unless it be one in which considerations of humanity or a proper respect for public interests demand a speedy adjudication.

It is ordered that the cause be continued to the next term of this court.

Continued.