H. H. BATEY ET AL V. DIBRELL & BROTHER.

A suggestion of delay operates a waiver of the want of an assignment of errors, and necessarily brings in review the whole of the cause, thus invoking the notice of the court to all errors apparent in the record, and as well to defects in the return of a writ of error as in any other of the proceedings. (Paschal's Dig,, Art. 1580, Note 612.)

A sheriff's return of service, upon a writ of error, must show that a copy of the petition for the writ, as well as of the writ itself, was delivered to the defendant in error; and it will not suffice that it may be inferred from the return that a copy of the petition, as well as of the writ, was delivered. (Paschal's Dig., Art. 1495, Note 587.)

The following return upon a writ of error is fatally defective: "Came to hand October 1, 1860. Executed this writ by delivering a copy thereof, and a certified copy of the same," to the defendants in error on the day above stated. This court will not infer, that by "a certified copy of the *same*" the sheriff meant the copy of the *petition* for the writ of error. The service proved by such a return will be treated as imperfect and a nullity, and be

held to impose on the defendants in error no obligation to notice it for any
purpose. (Paschal's Dig., Art. 1433, Note 545.)

The defendants in error, before taking out the transcript, could have acknowl-
edged service of the writ of error in the court below, and that would have
been notice to the plaintiffs in error; but the service of the writ not having
been perfected in this or any other manner, and no notice having been
given to the plaintiffs in error that the defendants in error have filed the
transcript in this court, the cause cannot be proceeded with, and it is there-
fore dismissed without prejudice to a future writ of error.

ERROR from Guadaloupe.    The case was tried before
Hon. A. W. TERRELL, one of the district judges.

The writ of error in this case was sued out by H. H.
Batey and J. H. Fennell, against whom there was judg-
ment below, on a forfeited delivery bond, in favor of Dib-
rell & Brother.    The return made by the sheriff upon the
writ of error is stated substantially in the opinion of the
court. ˙ The transcript was taken out by the defendants in
error, and filed in this court.    There was no assignment
of errors.    The court applied the rule of strictness required
in the service of original process. '(Paschal's Dig., Art.
1433, Note 545.)

No counsel for plaintiffs in error.

*John Ireland,* for defendants in error, suggests delay.

SMITH, J.—The defendants in error filed the transcript
in this cause, and submit it with a suggestion of delay.
There is no assignment of errors in the record.    The sug-
gestion of delay, however, operates as a waiver of this
want, and necessarily brings in review the whole cause,
and to the notice of the court any error apparent.

The service of the writ of error is defective.    It does
not appear from the sheriff's return that a copy of the
petition for writ of error was served on the defendants, as
is required. (O. & W. Dig., Arts. 411, 416, 554.)    The
return is, that it was served by delivering to the defend-

ants copies of writ and copies of the same. The sheriff may have meant the copy of the petition that accompanied the same; this is only to be inferred. It may or it may not be a correct inference. The time and manner of the service must be fully stated by the sheriff. It must appear that he delivered to the defendants in person copies of both the writ and petition, or the service will be imperfect. (19 Tex., 56; 20 Tex., 130.)

In this cause we must treat the service as imperfect and a nullity, and hold that the defendants are not bound to notice it for any purpose. (24 Tex., 302.) The cause then stands upon the transcript filed by the defendants in error, without process served upon them below. The practice of this court hitherto is believed to have been, not to dismiss the cause peremptorily, but to permit the defendants to appear here and waive the want of service, and give the plaintiffs in error notice of the pendency of the cause in this court, in order that they may have an opportunity to account for their apparent delay in perfecting service of the writ below and filing the transcript here, and to show error in the cause for its reversal, if they can do so.

The defendants in error could have acknowledged service of the writ of error in the court below before taking out the transcript, and that would have been notice to the plaintiffs in error. But the service of the writ not having been perfected, or any notice given to the plaintiffs in error that the defendants have filed the transcript here, we are not at liberty to proceed with the cause. Therefore it is dismissed from this court without prejudice to a future writ of error.

DISMISSED.