### ASA M. LEWIS V. R. & D. G. MILLS & CO.

Where a writ of error has not been properly served it will be dismissed, though the defendant in error may have appeared in this court and waived service, provided the plaintiff in error make no appearance, and there is no proof that he had notice that the cause was pending in this court. (Paschal's Dig., Art. 1495, Note 587.)

But where the plaintiff appears and moves to dismiss his own writ, and the defendants suggest delay, the writ will not be dismissed.

ERROR from Austin. The case was tried before Hon. GEORGE W. SMITH, one of the district judges.

The judgment was recovered against L. P. Rucker as principal, and Lewis and several others as sureties. Lewis alone prosecuted error. Upon the writ was indorsed, "I accept service. D. C. Giddings, attorney for Mills."

But the plaintiffs appeared and suggested delay, and Lewis moved to dismiss his own writ of error.

*Sayles & Bassetts,* for the plaintiff in error.

*D. C. Giddings,* for the defendants in error.

WILLIE, J.—A motion is made to dismiss the writ of error in this case, because it was served upon only one of the defendants in error. We have repeatedly held, that where a writ of error has not been properly served, it will be dismissed, though the defendant in error may have appeared in this court and waived such service, provided the plaintiff in error makes no appearance here, or there is no proof that he had notice that the cause was pending in this court.

By making their motion to dismiss this cause, the plaintiffs in error show themselves fully notified of its pendency, and the defendants in error, by their suggestion of delay, have waived all defect in the service upon them. The

o

motion to dismiss is overruled, and, the cause having been brought here for delay, the judgment is affirmed, with ten per cent. damages.

AFFIRMED WITH DAMAGES.