### F. PETERS v. P. J. WILLIS & BRO.

1. WRIT OF ERROR—PRACTICE.—Upon the filing of a petition and error bond it is the duty of the clerk to issue citation in error, even if directed otherwise by the plaintiff in error.
2. SAME.—A defendant in error cannot, after the day for calling the assignment to which the case belongs, accept service of citation in error, and bring up the record and ask an affirmance.

Motion to file record and for affirmance.

*Baker & Botts,* for motion.

IRELAND, ASSOCIATE JUSTICE.—This is a writ of error sued out by Peters. He filed his petition on the 27th day of March, 1875, in which he prays for all necessary process. The writ of error bond is filed 27th March, 1875, and the supersedeas issued the same day. There never was any writ issued to have service made on the defendants in error. On

the first day of February, 1876, the defendants in error, by their attorneys, accepted service in the following form:

"February 1, 1876. Service of the within petition for writ of error and supersedeas accepted, *nunc pro tunc*, as of the first day of December, 1875, and copy of petition and service of citation in error and time waived.

Mann & Baker, <i>Att'ys for</i><br>P. J. Willis & Bro."

The defendants in error file this record and move for an affirmance of the judgment.

If the plaintiff in error had brought up the transcript without service, the defendant in error could have appeared in this court, and the cause would have proceeded as though there had been service below. (Chambers *v.* Shaw, 16 Tex., 145.)

The law makes all causes when the appeal is perfected, or service on the defendant in error is had twenty days before the calling of the assignment to which the cause may belong, returnable to the first term thereafter.

If no steps be taken to obtain service, and a term of this court to which the cause might have been brought, passes, the defendant in error would be entitled to an execution on his judgment. (Chambers *v.* Shaw, 16 Tex., 145.)

The law makes it the duty of the clerk, when a petition and bond have been filed, to issue citation to the defendant in error. (Paschal's Dig., art. 1495.)

And this is his duty even when the plaintiff in error instructs him to the contrary. (Wheeler *v.* The State, 8 Tex., 228.)

In his certificate to the transcript in this case, he certifies that no writ issued and that none was applied for, thus attempting to shield himself from the consequences of omission to perform a very plain duty. Besides the imperative command of the law, the plaintiff in error prayed for all needful process.

It was not competent for the defendant in error to accept

service as in this case after the day had arrived for calling the docket to which the case belongs, and bring up the record and ask an affirmance.

He could have accepted service if he had done so in time; but the service not being in time, the case is improperly on the docket, and must be dismissed. (Davenport *v.* Field, 12 Tex., 94.)

Dismissed.