E. H. AND G. H. WILSON v. JOHN I. ADAMS & Co. ·

1. PRACTICE IN SUPREME COURT—AFFIRMANCE ON CERTIFICATE.—
Where plaintiff in error has been negligent in procuring service
of citation in error, so that a term of this court has thereby been
allowed to pass, the defendant in error may acknowledge service
and bring the case up for affirmance at the next term.

2. SAME —DEFENDANT IN ERROR MAY FILE TRANSCRIPT, WHEN.—
The defendant in error may file the transcript at a term when the
plaintiff in error has lost the right to do so.

3. CASE DECIDED.—Judgment was rendered August 4, 1875, for plain-
tiffs. April 25, 1876, defendants filed an error bond, which recited
that petition for writ of error had been also filed. May 16, 1877,
service of writ of error was made on the attorneys of plaintiffs,
who were non-residents. September 1, 1877, the attorneys of the
plaintiffs accepted service of writ of error. February 18, 1878,
was fixed for the assignment to which the case belonged. February
20, 1878, certificate was filed, showing these facts, by the defendants
in error, with motion to affirm without regard to merits : *Held*, That
the application to affirm should be granted.

ERROR from Harris. Tried below before the Hon. James
Masterson.

This was a motion to affirm on certificate. The opinion of
Justice Moore sets out the facts.

*Crank & Webb*, for defendants in error.—In support of this
motion, we refer to Chambers *v.* Shaw, 16 Tex., 143, and the
statutes and decisions therein quoted, and to Peters *v.* Willis,
44 Tex., 568, and the statutes and decisions therein refer-
red to. The only change in the old law is in the Acts of
1874, section 11, pages 51 and 52, which names twenty days,
where the old law (Paschal's Dig., art. 1587, or Hartley's
Dig., art. 2973, sec. 6) made forty days. A party is allow-
ed two years in which to take a writ of error. (Paschal's
Dig., arts. 1496, 4616.) The plaintiffs in error had no right
to file the transcript until after the service of the citation in
error. (Paschal's Dig., art. 1587 ; Acts of 1874, pp. 50, 51,
sec. 11.) In this case, therefore, the plaintiffs in error could

not have filed the transcript until the January Term, 1878, because the citation in error was not served until May 16, 1877.

It is true that the defendants in error might have acknowl'edged service, but there is no law which compelled them to do so. It was merely a privilege which they might or might not have exercised, at their option. The acknowledgment of service, made by the defendants in error upon the citation, was made to cover any possible defect in the service of the citation, it having been served only upon one of their attorneys of record.

The plaintiffs in error have not complained at the delay in the service of the citation in error, nor do they otherwise complain, and, so far as we know or are informed, they have made no appearance in this court, though fully apprised of the filing of the certificate.

We quote from the opinion in Chambers v. Shaw, 16 Tex., 145 : " It is only when the citation in error has been served that ' it shall be lawful ' for the defendant in error to file the certificate and have an affirmance of the judgment."

The words " it shall be lawful " are used in Paschal's Digest, art. 1589; and the converse is true, that it was not " lawful " for the defendants in error to file the certificate, nor until after the plaintiffs in error had failed to file the transcript.

The defendants in error have been guilty of no laches, and we respectfully submit that the letter and spirit of the law will justify an affirmance both against the plaintiffs in error and their sureties.

MOORE, ASSOCIATE JUSTICE.—This is an application on the part of the defendants for affirmance of the judgment of the District Court against the plaintiffs in error without reference to the merits. The certificate and copy of so much of the transcript of the record as is brought up with it shows that on the 4th day of August, 1875, the defendants in error recovered a judgment against the plaintiffs in error, in the

District Court of Harris county, for the sum of seven hundred and ninety-one dollars and twenty-eight cents; that on the 22d of January, 1876, defendants in error filed with the clerk of said District Court a remittitur for the sum of sixty-six dollars and twenty-nine cents of said amount recovered by them as aforesaid; that on the 25th of April, 1876, the plaintiffs in error filed with the clerk of said court a bond for writ of error and supersedeas, which said bond was indorsed " approved" by the clerk·on the day it was filed; but it does not appear that a petition for a writ of error was filed with said clerk, unless it should be inferred from the allegation in the bond, which we quote, to wit: "And the said E. H. Wilson and G. H. Wilson have filed their petition with the clerk of said court for a writ of error," &c. And the only evidence before us tending to show that the writ of error was perfected, or that a citation in error was ever issued which would warrant this court in assuming jurisdiction of the case, is exhibited by that part of the certificate here quoted, to wit:

"And I further certify that the writ of error, or citation in error, in this case was served on the 16th day of May, 1877, as appears by the return of the sheriff thereon, of which the following is a true copy: 'Received this writ May 15, 1877, and executed the same May 16, 1877, by delivery to W. G. Webb, one of the attorneys of record of John I. Adams & Co., (they being non-residents,) a true copy of this writ, together with the certified copy of the petition for writ of error which accompanies this writ, John I. Adams & Co. being non-residents of this State.—C. M. NOBLE, Shff. of Harris Co., by J. J. FANT, Dep.'

"And I further certify that upon said citation in error, or writ of error, is indorsed a ratification of said service and an acknowledgment of service, made by the plaintiffs, John I. Adams & Co., by Crank & Webb, their attorneys of record, on the 1st day of September, 1877, of which the following is a true copy, to wit: 'We hereby acknowledge service of this citation in error, or writ of error, and also ratify the

service of the same made by the proper officer and indorsed thereon this September 1, 1877.—JOHN I. ADAMS & Co., by CRANK & WEBB, Attorneys of Record.'

"To certify all of which I hereunto set my hand," &c.

I have deemed it best to thus fully set out the contents of the record, that the decision of the court may be certainly and definitely understood, as there seems to be some confusion in the minds of the profession as to when and under what circumstances a judgment may be affirmed upon certificate without reference to the merits, though it would seem that a recurrence to the earlier decisions of the court is amply sufficient for its full and complete elucidation.

Certainly, unless the court has jurisdiction of the case by service of the citation in error, or the waiver or acceptance of service by the defendant, the court can no more affirm the judgment upon the certificate than it can affirm or reverse it upon the record. The statute only authorizes this stringent proceeding of a judgment without regard to merits when the plaintiff in error could invoke the action of the court in the case, but declines, or is in default in doing so.

"The writ of error," said Lipscomb, J., in the case of Mills *v.* Gooding, "ought to have been returned by the plaintiff in error to the term succeeding after it was prayed; and on failure, the defendant could then have filed the record and asked its affirmance, but could not at a subsequent term." (8 Tex., 152; Wilson *v.* Truehart, 13 Tex., 287.) And in White *v.* Proctor, 17 Tex., 406, the court said: "The motion to affirm must be refused, because it does not appear by the certificate that the citation has been served as required by the statute." In this case it not only does not appear that the certificate was not served as required, but contrary to it, as construed by a long course of decisions of this court.

The writ of error was unquestionably returnable to the ensuing term of the court after the petition and bond were filed, unless, after due diligence, service could not be had in

time to do so. The plaintiff must see to it that due diligence is used to perfect service of the writ and to prosecute his writ of error. If he suffer more than a year to elapse in taking out an *alias* citation, it warrants the presumption that he declines to prosecute his writ of error, and authorizes its dismissal if he afterwards seeks to prosecute it. (Glavæcke *v.* Delmas, 13 Tex., 495.) More than twelve months had elapsed, and a term of this court passed, before any citation was issued. The defendant must be presumed to have known from the supersedeas of his judgment that a petition for writ had been filed, and had he desired the action of the court upon the writ, he could have accepted service and had the judgment affirmed at the return term on certificate. Having acquiesced in the abandonment of the writ by the plaintiff in error, he cannot invoke the exercise of jurisdiction by the court on service after the writ had lost its vitality and force. Thus, it was held, as early as the case of Roberts *v.* Landrum, 3 Tex., 16, that neither party can have the cause docketed in this court at a term subsequent to the one at which the appeal or writ of error should have been prosecuted. Even a delay of seventeen days in issuing an *alias* citation after a return "not found" on the original, was severely commented upon by this court in the case of Wheeler *v.* The State, 8 Tex., 228; and in that of Roberts *v.* Sollibellus, 10 Tex., 352, when a term was lost for want of diligence, the writ was dismissed. And so it was again ruled in the case of Graham *v.* Sterns, 16 Tex., 153. The cases of Chambers *v.* Shaw, 16 Tex., 143, and Peters *v.* Willis, 44 Tex., 568, do not conflict with these decisions, but follow and accord with them. Thus, in the last case the court say: "If no steps are taken to obtain service, and a term of this court to which the cause might have been brought passes, the defendant in error would be entitled to an execution on his judgment." (Chambers *v.* Shaw, 16 Tex., 143.)

But when he has failed to accept service and bring the case to this court at its return term, but acquiesces in the abandon-

ment of the writ of error by the plaintiff in error, it is too late for him to ask the harsh remedy, as it has been termed, of an affirmance of the judgment without reference to the merits.

MOTION REFUSED.

March 26, 1878, certificate was dismissed. March 28, motion for rehearing was filed. It was taken under advisement and transferred to Austin.

*Crank & Webb,* for motion.—The ground upon which a rehearing is asked, is "Because the decision and judgment of the court, rendered on or about the 26th day of March, 1878, are erroneous, in this: that the citation in error was not served until the 16th day of May, 1877; and the plaintiffs in error having failed to file the transcript in said cause on or before the 18th day of February, 1878, the first of the days set for the hearing of causes from the twenty-first judicial district, the defendants in error filed a certificate, such as is required by law, on or about the 20th day of February, 1878, during the term of the court to which said cause was returnable."

In support of this proposition, we refer to articles 1496, 4616, 1586, and 1589 of Paschal's Digest; also to section 11, pages 51 and 52, of the Acts of 1874; also to Glavæcke *v.* Delmas, 13 Tex., 495; Chambers *v.* Shaw, 16 Tex., 143; Peters *v.* Willis, 44 Tex., 568.

GOULD, ASSOCIATE JUSTICE.—After a careful reëxamination of the subject, the majority of the court have reached the conclusion that the motion for rehearing be sustained, and that the defendants in error are entitled to an affirmance of their judgment. The grounds upon which two members of the court have reached that conclusion are not the same; and the views expressed in this opinion are to be taken as the views only of the writer.

The case involves the question of the right of the defendant in error, where the plaintiff in error has been negligent in procuring service of citation in error, so that a term of this court has thereby been allowed to pass, to acknowledge service and bring the case up for affirmance on certificate at a subsequent term.

It has been repeatedly decided that by such neglect the plaintiff in error loses his right to prosecute his writ of error, and that where, under such circumstances, he files the transcript, the case will, on motion of defendant in error, be dismissed. (Roberts *v.* Sollibellus, 10 Tex., 352; Graham *v.* Sterns, 16 Tex., 156.)

In my opinion, it is too late to question those decisions. Whether or not they were, when made, correct, is not now the question. I accept them as having been for the last twenty years the fixed construction given by this court to the statutes. Although the statutes fix the return term, or term at which the transcript should be filed, as the term next succeeding the term when the citation on the petition for writ of error is served, that construction is that the statute contemplates service, if practicable, in time for the first term, and that the plaintiff in error must exercise diligence in prosecuting his writ of error to the first term, or lose his right to bring up the case under the same writ of error at a subsequent term. In thus holding the plaintiff in error responsible for diligence in prosecuting the proceeding which he institutes to have a judgment revised, the court but followed out the general rule of law which requires a party plaintiff to give due attention to the suit which he institutes; though it may be that the court was not uninfluenced by the fact that outside of the statutes a writ of error was at common law returnable at the next ensuing term of court, (see Bacon's Abr., title ERROR, C and D; 3 Bouvier's Inst., secs. 3342, 3344; Carleton & Slade *v.* Goodwin, 51 Ala., 154,) and that under our statutes, prior to the act of February 11, 1850, concerning proceedings in the Supreme Court, (Paschal's Dig.,

art. 1587,) the return term, or term at which the transcript
was to be filed, was the "term next succeeding the taking
the appeal or writ of error." (Acts of 1846, p. 256; District
Court Act, sec. 22; Acts of 1848, p. 74.) The cases of Rob-
erts & Swisher v. Landrum, 3 Tex., 16, and Mills v. Good-
ing, 8 Tex., 152, were both decided under those statutes, and
not under the statutes now in force. The case in 3 Texas
enunciated the rule that the return term of the writ of error
was the first ensuing term, and that after that term the pro-
ceeding had lost all vitality, and accordingly refused an affirm-
ance when that term had passed without citation, although
asked by the defendant in error. The opinion held the re-
turn term, or term at which the transcript should be filed in
case of a writ of error, to be fixed at the next term after suing
out the writ of error.

It would, perhaps, have better accorded with the theory of
a writ of error—a writ sued out of a superior court, requiring
a record from an inferior court to be sent up for revision—if
the transcript had been in all cases required to be filed at
the first term. But, under the act of 1850, the time at which
the transcript is to be filed is regulated by the time of the
service of the citation in error, and under that act, accord-
ingly, it has often been held that the return term is fixed by
the service of citation in error. (Davenport v. Field, 12
Tex., 94; Chambers v. Shaw, 16 Tex., 146; White v. Proc-
tor, 17 Tex., 406; Crunk v. Crunk, 23 Tex., 605; Stephens
v. Thayer, 25 Tex., 341.) Although the act authorizing a
writ of error which is now in force was the same when the
cases of Roberts & Swisher v. Landrum and Mills v. Good-
ing originated, the change in the corresponding statute fixing
the time for filing the transcript makes those decisions in-
applicable. The later decisions, under the present statutes,
allow the defendant in error to have the case stricken from
the docket for defective citation or defective service, and
yet, in such cases, allow the plaintiff in error to have *alias*
citations issued and served to bring up the case on the same

writ of error to the next ensuing term. (Holloman v. Middleton, 23 Tex., 537; Batey v. Dibrell, 28 Tex., 174; Beavers v. Butler, 30 Tex., 24.) Other cases might be cited, showing that the writ of error has been treated as retaining vitality, although not returned to the first term, and not, as in Roberts & Swisher v. Landrum, as having lost all force. (Wilson v. Trueheart, 14 Tex., 33.)

The decisions in Roberts & Swisher v. Landrum and Mills v. Gooding were not founded on any equitable rule as to diligence on the part of either plaintiff in error or defendant in error, but upon the rule that the return term, in case of writ of error, was, as the law then stood, fixed at the first term, without reference to service of citation in error.

In cases of appeal, or in cases where the citation in error is promptly issued and served, the return term is fixed, and after it has passed neither party can file the transcript, nor can the appellee or defendant in error file a certificate. (Scott v. Allen, 1 Tex., 561; Hicks v. Harlan, 1 Tex., 560; Johnson v. Burnett, 3 Tex., 191; Weathered v. Lee, 3 Tex., 189; Walea v. McLean, 14 Tex., 18; Dias v. Muños, 17 Tex., 518; Cunningham v. Perkins, 28 Tex., 490; Mills v. Gooding, 8 Tex., 153; Wilson v. Truehart, 13 Tex., 287.)

Roberts & Swisher v. Landrum was but the application of this well-established rule.

No case, under the statutes now in force, has been produced where the defendant in error seeks to file the transcript, or the certificate for affirmance, at the proper term after service of citation, and his right to do so has been denied on the ground that he might, by acknowledging service sooner, have made the writ returnable at an earlier term. The decisions of this court, under the act of 1850, concerning the proceedings in the Supreme Court, have not heretofore denied to the defendant in error the privilege of acknowledging service at such time as he sees fit, or imposed on him the same rule of diligence in acknowledging service which is enforced against the plaintiff in error in procuring service. On the contrary,

the decisions allow him to acknowledge service less than the required time before the assignment, or even, without acknowledging service at all, to procure and file the transcript; and then, if the plaintiff in error appears, though it be only for the purpose of moving to dismiss, the court has not allowed the plaintiff in error to take advantage of his own neglect, but, having the parties before it, have taken cognizance of the case. (Morrison *v.* Lewis, 13 Tex., 64; Bingham *v.* Wyse, 14 Tex., 242; Batey *v.* Dibrell, 28 Tex., 174; Lewis *v.* Mills, 29 Tex., 124; Black *v.* Epperson, 40 Tex., 162.) When the defendant in error appears, it is not, it is said, for the plaintiff in error to object that the citation was not properly served, or served in due time. (Glavæcke *v.* Delmas, 13 Tex., 495.) Beyond question, this case and the others just cited recognize that the defendant in error may file the transcript at a term when the plaintiff in error has lost the right to do so.

He whose judgment is sought to be revised may well await the regular service of citation, without incurring the charge of negligence or forfeiting his rights on the writ-of-error bond, although he who assails the judgment and gives bond to comply with the judgment of this court may, by like neglect, subject himself to have his case dismissed, or, perhaps, as has been said, in some cases, where no steps whatever are taken to procure service, to the issuance of execution from the court below. (Peters *v.* Willis, 44 Tex., 569; Chambers *v.* Shaw, 16 Tex., 144; see Rules of Supreme and District Courts, 69, 102, 103.)

I do not feel called on to inquire whether all of these decisions can be supported as originally correct or as founded on a consistent construction of the statutes. It is enough that such are the decisions of this court; that they are not in themselves conflicting; and that no sufficient reason is shown for overruling any of them. Accepting the law as I find it settled, I fail to see any sufficient authority in the statutes or in the decisions for refusing to defendants the affirmance of

their judgment, which the statute authorizes, at the term when the transcript should be filed.    And whilst it is true that a party seeking affirmance on certificate is held to a strict compliance with the statutes, (see Calvert *v.* Walker, 3 Tex., 15; Harris *v.* Williams, 4 Tex., 339; Moore *v.* Janes, 4 Tex., 340; Chambers *v.* Shaw, 16 Tex., 144,) I fail also to find, in the neglect of defendants in error sooner to acknowledge service, any sufficient reason for denying to them that affirmance of their judgment to which under the statute they appear to be legally entitled.

AFFIRMED ON CERTIFICATE.

[Opinion, June 28, 1878.]