R. F. ASPLEY v. JOHN ALCOTT.

Decided January 12, 1907.

1.—Writ of Error—Parties—Citation.

It is necessary that all defendants to a writ of error should be cited.

2.—Same—Service Upon Counsel.

Where the defendants in error are residents of the county from which the writ of error is prosecuted service of citation upon their attorneys is not sufficient.

**3.—Same—Want of Diligence.**

A motion to dismiss a writ of error for want of diligence in prosecuting the same will be sustained where the record shows that the judgment was rendered October 2, 1903; petition for writ of error was filed October 1, 1904; citation issued January 4, 1905; and alias citation issued January 2, 1906, no excuse appearing for the delay in issuing citations.

ON REHEARING.

**4.—Application for Certiorari—Laches.**

Where a motion to dismiss a writ of error is based on the want of service upon some of the defendants in error, an application for certiorari to perfect the record and show that such defendants had in fact been served comes too late after the motion to dismiss has been acted on and granted.

Error from the District Court of Dallas County. Tried below before Hon. Thos. F. Nash.

*Chas. I. Evans,* for plaintiff in error.

No brief for defendant in error.

RAINEY, CHIEF JUSTICE.—This is a motion by John Alcott, Vic and Elizabeth Bowles and J. E. Boyer to dismiss the writ of error herein, various reasons being assigned therefor.

On December 16, 1905, we dismissed a writ of error in this same case for the want of service upon certain parties to the writ. Upon examination we find that the record fails to show service on J. E. Boyer, Mrs. A. E. Randall and H. G. Randall. They being parties to the writ it was necessary that they be served with process and as they were not served the writ of error will not be entertained. (Aspley v. Alcott, 90 S. W. Rep., 885.)

We also sustain the motion to dismiss upon another ground urged, that is, that plaintiff in error has not prosecuted his writ of error with that diligence required to entitle it to consideration. The judgment in this case was rendered on October 2, 1903. The petition for writ of error was filed on October 1, 1904, next to the last day permitted by law for the filing of same. No citation is shown to have been issued until January 4, 1905, being three months and two days after filing petition for writ of error. None of the parties above named were served with said citation, nor was any other citation ever issued as to said parties until January 2, 1906, when John Alcott, Vic and Elizabeth Bowles were served, but no service is shown as to John E. Boyer, Mrs. A. E. Randall or H. G. Randall. From the date of filing the petition for writ of error to the time of service on John Alcott, Vic and Elizabeth Bowles a period of over fifteen months elapsed, and over a period of eleven months from the time when the first citation issued and could have been served on said parties, to wit: January 13, 1905, the time when other defendants living in Dallas County were served.

To say nothing of the time of three months elapsing between the filing of the petition for writ of error and the issuance of citation, we are of the opinion that the time elapsing, nearly eleven months, between the return of the first citation, showing these parties not served, and the

issuance of the citation on January 2, 1906, shows the want of proper diligence on the part of plaintiff in error in prosecuting the writ of error. (Roberts v. Sollibellus, 10 Texas, 352; Roberts v. Landrum, 3 Texas, 16; Wheeler v. State, 8 Texas, 228.)

The statutes provide that when a citation has been returned not executed, the clerk shall forthwith issue an alias or pluries citation. There is no excuse shown why, upon the return of the first citation, the issuance of another was not promptly demanded. The return of the sheriff on the first citation showed that the attorneys of the parties had been served, but appellant knew, or should have known, said service was defective as the parties lived in the city of Dallas, and service on an attorney under these circumstances is not sufficient. The writ of error is dismissed.

*Dismissed.*

### ON REHEARING.

The plaintiff in error in his motion for rehearing suggests a diminution of the record in that it fails to show the issuance of an alias citation issued on the 22d day of December, A. D. 1905, and the return of the officer thereon showing service December 30, 1905, on the parties, for want of service on whom was based one of the grounds for dismissing the writ of error. He has filed a certified copy of said citation and return thereon and asked that it be made a part of the record in this cause, or that a certiorari be granted to have the record perfected in this respect. We do not think this prayer should be granted. When the motion to dismiss was made, one of the grounds presented therein was that service had not been perfected on Boyer and others. This gave notice to plaintiff in error of the defect. No effort was made to have the record perfected but plaintiff in error stood by, saw the motion submitted, and now after the motion has been decided against him he seeks, for the first time, to cure the defect. Under these circumstances the plaintiff in error should have moved to correct the record before the submission of the motion to dismiss. (Scott v. Cox, 70 S. W. Rep., 802; Ross v. McGowen, 58 Texas, 603; Missouri Pac. Ry. Co. v. Scott, 78 Texas, 360; Hayslip v. Pomeroy, 7 Texas Civ. App., 629.)

Plaintiff in error says the motion to dismiss the writ of error for want of diligence in having alias citation issued should not be sustained, because defendant in error had waived said ground for dismissal by not presenting it in his motion to dismiss, filed December 6, 1905. If such a failure in any case would constitute a waiver it does not apply in this instance, for the reason that defendant in error did not fail to urge a dismissal for the want of diligence, but embraced such a ground in the former motion. Said ground was not discussed by this court for the reason that the grounds stated in the opinion were so conclusive the court did not deem it necessary. (Aspley v. Alcott, 90 S. W. Rep., 885.)

Counsel also urges that the delay from the return of service of the original citation, the return showing service on the attorneys of record of parties living in Dallas County, to wit: January 23, 1905, till the issuance of the next citation January, 2 1906, should not be charged to him, as "no want of diligence can be imputed to petitioner or his attorney, if they relied upon the decision of our Supreme Court, holding

that the citation in error may be served upon the attorney of record, if the defendants themselves can not be found, without taking out an alias citation."

Counsel does not say that he relied on the return of the officer that the parties could not be found in Dallas County and that service on the attorney was sufficient. On the hearing of the first motion to dismiss it was shown that the officer's return was written by plaintiff in error's counsel herein and signed at his solicitation. That he, the officer, knew the parties lived in the city of Dallas and had made no effort to serve them. It is alleged in the petition that said parties live in Dallas County and there is nothing to show that counsel was not aware of their residence in said county. We regard the counsel too good a lawyer to have been misled by or to have relied on the said return under the facts as they existed.

That no injury has resulted to defendants in error we are not prepared to say. The land in controversy is situated in the city of Dallas, a prosperous and growing city, and this suit clouds the title thereto. This suit has been pending for years and the law nor equity will extend any leniency in passing upon the diligence of the plaintiff in error in prosecuting this writ of error.

What is said here in regard to plaintiff in error's diligence in prosecuting the writ of error applies to the motion for rehearing of the motion to dismiss writ of error in the case of Aspley v. Wheat, et al., a companion case to this. The motion for rehearing is overruled.

*Overruled.*

Associate Justice Bookhout disqualified and not sitting. Writ of error refused.