WILLIAM F. WILSON v. JOHN O. TRUEHEART.

See this case as to the practice of the Supreme Court with respect to certificates of the District Clerk as to matters of fact ; and as to affirmance without respect to the merits.

Error from Galveston. On the 12th of February, 1855, the attorneys of some of the defendants in error renewed their motion for an affirmance of the judgment against the plaintiff and his sureties, without regard to the merits. (See former motion, 13 Tex. R. 287.) The motion was accompanied by the following certificate by the Clerk of the Court below. And it was.

suggested that Zink, one of the defendants in error, who was not served, was not a necessary party to the writ of error.

Style of the case. "I, James W. Moore, Clerk of the District " Court of the First Judicial District, for the county of Galves- "ton, hereby certify that the petition for a writ of error was "filed in the above entitled cause, by the plaintiff, William F. "Wilson, on the 29th day of August, A. D. ; and that service "of the citation on said petition was acknowledged by Allen "& Hale as attorneys for Owen D. Johnson and Lucy Johnson, "administrator and administratrix of the estate of James R. "Martin, deceased, and for Andrew W. Desmuke, administra- "tor of the estate of Josiah C. Martin, deceased, on the 10th "day of January, 1854; and by O. C. & R. K. Hartley, as at- "torneys for H. F. Wade, about the same time, but without "date ; and by Joseph & Howard, attorneys for John O. True- "heart, between the first and 25th days of December, A. D., "1854, but without date. Given," &c.

*J. B. Jones*, for plaintiff in error.

*Allen & Hale*, for motion.

WHEELER, J. The operation and effect of the judgment, so far as material to be noticed, is, a recovery by the administra- tors of Martin against Wilson, and a recovery over by Wilson against Zink. Wilson prosecutes the writ of error, and has obtained service upon all the other parties to the judgment but Zink ; the last being an acknowledgement of service by the attorneys of Trueheart between the first and twenty-fifth of December last, and more than forty days before the renewal of this application to affirm the judgment. It now becomes ma- terial to inquire whether Zink is a necessary party to this writ of error, and whether the plaintiff in error is excused by the want of service on him, from bringing up the record to this Term of the Court, within the prescribed period after service upon the last of the defendants in error whom he has caused to

be cited. And, in so far as we can judge of the relative rights of the parties, from the record of the judgment before us, it seems that Zink is no necessary party to this writ of error.

The plaintiff in error cannot have appealed from the judgment recovered by him against Zink, nor can he assign that judgment as error. It does not appear, and it is difficult to conceive of any good reason, why service has not been made upon Zink, if it was really deemed necessary or desirable by the plaintiff in error to make him a party. Surely it would seem that either he or his attorney might have been served, by the use of ordinary diligence, since the writ of error was obtained. From what is before us the proceeding bears much the appearance of having been protracted to delay the execution of the judgment. For it certainly is not a reasonable supposition that the plaintiff, if he deemed Zink a necessary party and had really desired to have the case brought to a speedy hearing on the merits, might not, by the use of proper diligence, have obtained service on him, if not before the last, at least before the present Term of this Court.

If it appeared that Zink was a necessary party, it would perhaps be proper not to affirm the judgment, but to dismiss the writ of error on account of the laches of the plaintiff in error. But as it is not perceived that either the plaintiff in error or any other party to the record, (for none other has appeared,) is in a condition to complain of the judgment as to him ; and as it does not appear that it would have been necessary to a revision of the merits of the judgment appealed from that he should have been made a party to this writ of error ; or even that it was proposed or sought by the writ of error to make him a party to it; but only that he was a party to the judgment, there having been a recovery over by the plaintiff in error against him ; we are of opinion that the want of service on him is no excuse for the failure to bring up the record within the time prescribed by the law, and that the judgment be affirmed, except as to Zink who has not been made a party to this writ of error. If the record was before us, it is merely possible that

it might appear that Zink was a necessary or proper party to the writ of error, and that the Court would not have proceeded to adjudicate upon the merits of the judgment appealed from, without bringing him in. The Plaintiff in error has been apprised of, and has resisted the motion to affirm; but has not suggested that the case would appear more favorable to him if the entire record was before us. If, however, it is otherwise it might be ground of entertaining a motion to set aside this judgment, and entertain the case for revision.

Motion sustained.