N. B. PATTON v. JOHN LAFORCE.

Where the defendant in error filed a certified copy of the judgment and of the bond for the writ of error, and moved the Court to affirm the judgment, the motion was overruled because the Clerk failed to certify when the citation in error was served.

Error from Bowie.

*S. H. Morgan and S. H. Pirkey*, for plaintiff in error.

*S. F. Moseley*, for defendant in error.

LIPSCOMB, J.  The defendant in error asks an affirmance of the judgment of the Court below, against the plaintiff in error and his securities, on the certificate of the Clerk of the District Court, certifying a copy of the judgment and also a copy of the writ of error bond.  The judgment is resisted on the ground that the certificate does not show that citation had been served on the defendant in error.  The law in relation to obtaining an affirmance of judgment on the certificate of the Clerk is found in Art. 2938, Hart. Dig., and is as follows, i. e. : "In "case the appellant or plaintiff in error shall fail to file a tran-"script of the record, as directed in the two preceding Sections, "then it shall be lawful for the appellee or defendant in error "to file with the Clerk of the Supreme Court a certificate of "the Clerk of the District Court in which such appeal or writ "of error may have been taken, attested by the seal of his "Court, and stating the time when such appeal was perfected, "or such citation was served."  The certificate in this case is defective in not stating the time when the citation was served. This is essential in cases of writ of error.  If it had been an

appeal, the certificate is sufficient to authorize an affirmance, because it does show when the appeal bond was perfected. (See Mills v. Bagby, 4 Tex. R. 320.)  The motion is overruled.

Motion overruled.