Chambers v. Shaw.

THOMAS J. CHAMBERS v. AMANDA C. SHAW, ADMINISTRATRIX, AND OTHERS.

The next Term of this Court, after the service of the citation in error, is the Term at which the transcript must, in general, be filed.

There is an exception, where service was perfected during the Term of the Court, and forty days elapse after the service and before the end of such Term. In that case, the transcript must be filed at that Term, then pending.

Where the citation in error has not been served, the defendant in error cannot file the certificate of the Clerk of the District Court, and claim an affirmance of the judgment, under Art. 2938, Hart. Dig.

The defendant in error may acknowledge service of the citation in error, or waive the necessity of such citation ; but this he must do in the Court below.

Where the plaintiff in error has prevented the issuance and service of the citation in error, it seems that the defendant in error may require the Clerk to issue execution notwithstanding the petition and bond for writ of error; and if the Clerk should refuse to issue execution, the defendant in error might,

perhaps, upon a proper representation to this Court, have a mandamus to en-
force the duty, or the petition in error may be dismissed.
The Clerk of the District Court ought not to receive a petition and bond for writ
of error, with instructions not to issue the citation in error until further di-
rection ; or, if he do receive them, he should disregard such instructions and
issue the citation immediately, as the law directs.


Certificate from Galveston.   The defendant in error filed a
certified copy of the judgment below, rendered January 5th,
1855, and a copy of the writ of error bond, filed February 19th,
1855, and moved an affirmance of the judgment, under the
statute, without reference to the merits.   The Clerk's certifi-
cate of authentication contained the following statement : " the
plaintiff in error directed me not to issue citation in error until
directed, which direction I never received."

*Franklin & Merriman*, for motion.

WHEELER, J.   We are referred, in support of the motion, to
the case of Spann v. French, (13 Texas R. 91.)   Unless the
facts of that case were more fully reported, or the record were
accessible, we cannot determine with certainty what was the
ground of the judgment.*   Whatever it may have been, it is
certain that the Term of this Court next after service of the ci-
tation in error, has always been considered and treated, in
practice, as the return Term, or Term at which the writ of error
must, in general, be filed in this Court.   There is an excep-
tion, where service was perfected during the Term, and the
forty days elapse before the end of it.   Then that is the return
Term.   (Wheeler v. The State, 8 Tex. 228 ; Wilson v. True-
hart, 13 Tex. R. 287.)   With this exception, it is placed be-

---

*The judgment below, in Spann v. French, was dated Oct. 20th, 1853, and
the petition for writ of error was filed March 3rd, 1854.   These are the only
facts, not stated in the report of that case.   The reasons stated in the opinion
of the Court, led the Reporters to believe that the dates were not important ;
and as the facts in that case were similar to the facts in this case, the former
must be considered overruled.—REPS.

yond doubt by the statute, that the Term next after service is the return Term. The Clerk is to make out the transcript "upon the return of any citation served." (Hart. Dig. Art. 793.) Again, " It shall be the duty of the appellant or plaintiff " in error to file the transcript of the record with the Clerk of " the Supreme Court, on or before the first day of the Term of said " Court next succeeding the time when the appeal was perfected, " or the citation on the petition for writ of error was served," &c. (Id. Art. 2937, Sec. 5 & 6.) But, " In case the appellant " or plaintiff in error shall fail to file the transcript of the " record as directed in the two preceding Sections, then it shall " be lawful for the appellee, or defendant in error, to file with " the Clerk of the Supreme Court a certificate of the Clerk of " the District Court in which any appeal or writ of error may " have been taken, attested by the seal of his Court, and stat- " ing the time when such appeal was perfected or such citation " was served ; whereupon, it shall be the duty of the Supreme " Court to affirm the judgment," &c. (Id. Art. 2938.)

The statute having thus provided in what cases it shall be lawful for the appellee or defendant in error to file the certifi- cate and have an affirmance of the judgment, it is very clear that the Court cannot extend the provision to other cases not embraced or contemplated therein, by implication or construc- tion. The statute leaves no room for construction. Its di- rection is plain and mandatory. Moreover, it is a rigorous provision, which cannot be enlarged by construction ; but must be construed literally and strictly, according to its express terms and meaning. It is only when the citation has been served, that " it shall be lawful " for the defendant in error to file the certificate, and have an affirmance of judgment. The defendant in error not having brought his case within the pro- vision of the statute, there not having been service of the citation, the motion to affirm must be refused.

But in such a case, the defendant in error is not without a remedy. He may acknowledge service, or waive the neces-

Chambers v. Shaw.

sity of a citation in error in the court below, and bring up the record, and submit the case to this Court as a delay case, or for a revision and judgment upon the merits. Or he may require the Clerk to issue execution notwithstanding the petition and bond, where the plaintiff in error has thus prevented the issuance and service of the citation ; and if the Clerk should refuse to issue execution, he might, perhaps, upon a proper representation to this Court, have a mandamus to enforce the duty ; or the petition in error may be dismissed. The Clerk should not have received the petition and bond of the party under such instructions ; or, if he received them, he should by no means have obeyed the instruction to delay issuing the citation. The law requires him to issue the citation immediately upon the filing of the petition ; and upon the return of the citation not served, "forthwith" to issue an *alias, pluries*, &c. (Hart. Dig. Art. 793.) In the case of Wheeler v. The State, (8 Tex. R. 228—234,) the necessity of promptitude in the discharge of this duty, was noticed and insisted on. The instructions of the party should not be suffered to countervail the mandate of the law. It is clear and positive in its requisition ; and, of course, is of higher obligation than the directions of the party. In this instance the Clerk, doubtless, supposed it proper to obey instructions, and that he was acting rightfully in so doing. But we deem it proper, for the information of Clerks, to say, that, in such a case, they should not delay the duty, which the law requires of them, for the benefit as well of the defendant as plaintiff in error, at the request of the latter.

Motion overruled.