## W. LLOYD AND OTHERS v. J. A. BARNETT.

1. A certificate for affirmance of a judgment, filed in this court under Article 1589, Paschal's Digest, must comprise or exhibit a copy of the judgment.
2. Appellants having failed to file in this court a transcript of the record of the court below, the appellee filed a certificate for an affirmance of the judgment appealed from. The appellants thereupon filed a transcript of the record, which manifested that the certificate filed by the appellee misdescribed the judgment; and appellants, therefore, moved that the appellee's motion to affirm be struck from the docket—which motion of appellants is sustained by the court.

APPEAL from Anderson. Tried below before the Hon. John G. Scott.

Barnett was the plaintiff below, and recovered a judgment, from which Lloyd and the other defendants appealed. The opinion and the second head-note show the facts.

*Hancock & West,* for the appellants.

No brief for the appellee.

OGDEN, J.   The appellee has filed a certificate of the clerk of the District Court in this cause, and asks that the judgment below be affirmed without reference to the merits.   The appellants, however, have filed a motion to strike the cause from the docket, and we think this latter motion must prevail, for several good and sufficient reasons.

Accompanying, and in support of the motion to strike from the docket, the appellants have filed a certified transcript of the record of the District Court in this cause, and, from an inspection of these papers, it is clearly manifest that the certificate upon which the appellee asks an affirmance of the judgment is fatally erroneous and defective.   The certificate describes a judgment which was rendered against William Lloyd, Gustave Ranger, and Morris Ranger, whereas the appeal bond describes the judgment as rendered against Gustave Ranger and Morris Ranger.   But the judgment, as shown by the record, was rendered against William H. Lloyd and Ranger & Co.   We can hardly imagine how so much confusion and uncertainty could have been produced by the same clerk, at or near the same time, and without any discoverable necessity or cause ; and yet the certificate, transcript, and appeal bond, describe distinct and separate judgments, without any legal similarity, and therefore the bond is worthless if the certificate be true ; and an affirmation of the judgment described in the certificate would be wholly worthless and void if either the bond or the record be true.

But there is another defect in the certificate filed in this cause, on which an affirmance of the judgment of the District Court is sought ; and that is, it contains no certified copy of the judgment.   It is true, the statute does not explicitly require that a copy of the judgment should accompany the certificate, but the necessity of the case requires it, and we think the statute evidently contemplated that a certified copy of the judgment below should in every instance accompany the certificate for an affirmance.   This is an appellate court, and has jurisdiction only of the judgments and decrees of the lower

court; and, therefore, the judgment must be presented or filed in this court, before the jurisdiction can possibly be said to attach. It is the judgment of the court, and not the certificate of the clerk, that is to be affirmed by this court, under the statute. Besides, if the certificate of the clerk is all the law requires, then that law must of necessity confer judicial powers upon the clerk, to determine the legality and sufficiency of all judgments which are sought to be affirmed on certificate, and would leave but little to be done by this court, excepting to obey the mandate of the clerks. Again, the certificate sent up in this case demonstrates the fact that there should be a supervisory power over the acts and certificates of clerks, in every instance, that this court may not be forced into the absurd act of attempting to affirm a judgment which never had an existence in fact, as the case at bar.

It is believed that this is a rule which was established many years ago by this court, and strictly observed in every instance whenever the question has been raised; and Mr. Sayles, in his valuable work on Practice, has deduced the following rule from the law, and the uniform requirements of this court: " Instead of filing a transcript of the record " the appellee may file a certified copy of the judgment, to- " gether with a certificate of the clerk of the court in which " the appeal was taken, attested by the seal of the court, " stating the time when the appeal was perfected, or the " citation in error served." This, we think, the only correct rule of practice whenever a judgment is sought to be affirmed on certificate. For the reason given, the certificate in this cause is wholly insufficient to authorize an affirmance of the judgment; and the cause is therefore stricken from the docket.

Ordered accordingly.