T. W. HOUSE & CO., AND J. H. BURNETT, INTERVENOR, v. W. D. WILLIAMS ET ALS.

1. *Held*, that a certificate by the district clerk in the words of the statute (Paschal's Digest, Article 1589) is sufficient to authorize the Supreme Court to affirm, without reference to the merits.
2. The death of the attorney of plaintiff in error is not sufficient to excuse failure to file the trancript within the time prescribed, on a motion to set aside an affirmance on certificate, and for leave to file transcript after such affirmance.

ON REHEARING.

3. If there was no jurisdiction to affirm on certificate, the improvident entry of affirmance would be void. There can be no judgment without jurisdiction to render it.
4. An entry of affirmance upon a certificate of the district clerk that the judgment had been rendered in the court below, and appeal taken, was without jurisdiction and void, and should be so declared when called to the attention of the court.

5. Jurisdiction defined to be the power by law conferred to determine causes concerning certain subjects and between parties legally before the court by process or notice, actual or constructive.

6. To give the court jurisdiction to affirm on certificate it must be shown : 1. The final judgment below by a copy thereof. 2. Notice of appeal of record in the term when judgment was rendered, or in cases of error the service of citation in error must be shown. 3. The perfection of the appeal, by giving bond in cases where the law requires bond to be given, or a bond for *supersedeas* or for costs in cases of error. And these facts must be shown by a certified copy of the judgment and notice of appeal, and the certificate of the district clerk should state in the exact terms of the statute when the appeal or writ of error was perfected.

7. See discussion of facts insufficient to allow the transcript to be filed after the time prescribed by statute.

APPEALS from Houston. Tried below before the Hon: Leroy W. Cooper.

The cases Nos. 656, 657 and 699 were affirmed on certificates. The certificate stated that judgment had been rendered and appeal taken, following the words of the statute, in no case giving copy of judgment.

Motion in each case was filed to set aside the order of affirmance and to allow the transcript to be filed. Affidavits accompanied the motions setting up causes for delay. These sufficiently appear in the opinion.

*A. M. Jackson* and *D. A. Nunn*, for motion to affirm.

*Hancock & West*, for motion to set aside order of affirmance and for leave to file transcript.

OGDEN, J.—The above three causes were appealed from Houston county, and under the law the transcripts should have been filed in this court on or before the fourth day of December, 1871. But the appellants failing to bring up the records as required, the appellees in each cause filed motions to affirm, on certificate, without reference to the merits, and the judgments of the District Court were then affirmed, under Article 1589, Paschal's

Digest. And now the appellants have moved to set aside the judgment of affirmance, and for leave to file their transcripts, and have the causes determined upon their merits.

The grounds for the motion are, (1) that the judgment of affirmance was improperly awarded ; (2) that the appellants were unavoidably delayed in sending up the transcripts ; and (3) that the affirmance without regard to the merits of the causes would work great injury to the parties. In the case of De Leon v. Owen, 3 Texas, 154, this court, in considering the questions here presented, said : "These legislative rules are certainly very stringent, but there is no ambiguity in them. * * * Legislative rules are inflexible, and when explicit and clearly understood, they must be enforced without regard to the individual injury that may be the result." And under the recognized authority of that case, we do not understand ourselves authorized to take into consideration any individual injury which might result as a reason for disregarding an unambiguous legislative rule, when applied to the cases at bar. It is contended for the appellants that though they had failed to file their records in this court within the time prescribed by law, and though the appellees were, under the law, entitled to an affirmance of the judgments on certificate properly made and filed ; yet that the certificates filed in these cases were not in conformity with the requirements of the statute, and not such as would entitle them to an affirmance of the judgments, and that therefore the action of this court upon those certificates should be set aside. It is true that the certificates in either of these cases do. not conform with the rule laid down by this court, at its present session, in the case of Loyd et al. v. Barnett, 36 Texas, 190, and had the insufficiency of the certificates been presented before the judgments of affirmance had been rendered, we might have entertained and considered the question as a reason for refusing to affirm. But the objec-

tions to the certificates come too late after judgment, particularly since the certificates are a literal compliance with the statute, and such as have been recognized by this court as sufficient. And as the judgments were affirmed when the rulings of the court recognized the certificates as complying with the law, we are unwilling to set aside those judgments because of a subsequent ruling in relation to an unexpressed but legitimate intendment of the law.

The transcripts were not filed in this court within the time prescribed by law, and the judgments were affirmed without reference to the merits, and now appellants ask, under the provisions of Article 1590, Paschal's Digest, to have the judgment set aside, because of unavoidable delay in bringing up the record. In Chambers v. Fish, 20 Texas, 344, where a motion was made for leave to file the transcript after the expiration of the time, but before a judgment of affirmance, the court says: "The object of the statute is to enable the court to relieve any one who, by accident, mistake or misfortune, has failed to file the transcript. But in administering this relief it is the duty of the court to see, so far as it is practicable, that it should result in no injury to the appellees." This motion was made before a motion to affirm, but the court clearly intimate that if a judgment had been asked, then the appellant would have been held to a much more stringent rule; but even in that case the court held that a good cause for the delay must be shown, and the granting of the motion must work no injury to the appellee.

In the cases at bar the motions are to set aside the judgments, and the principal reason given for delay in filing the transcripts as required is that appellant's counsel died some two months before the time for filing said transcripts. We cannot understand that to be any good or sufficient cause for not sending up the records, as the appellants themselves could very well attend to sending up the record without the aid of any counsel. But if

counsel were necessary, then it is not shown that there were not other able and worthy attorneys whose services could have been secured without trouble or delay. Indeed, we are inclined to look upon this excuse as evidence of neglect on the part of appellants, rather than unavoidable delay. Had the attorney lived, then appellants might have had some cause for confiding in the ability and promptness of their counsel and adviser, but on his death it was their duty to attend to their interests themselves, and if they have failed to do so when fully within their power, then they cannot complain if they have to suffer the consequences. Now the rights and interests of the appellees have vested, and must be respected in the absence of strong reasons for setting them aside.

The case of Kernaghan v. Hall, 31 Texas, 128, we think decisive of these cases. The cause for delay as shown in that case is much stronger than in the cases at bar, and yet the diligence shown was characterized by the court as negligence. It may be that the appellants, not being attorneys, were innocent of any intended negligence, and possibly ignorant of the necessity of any prompt action in the premises until too late to remedy the evil; but if so, that was their misfortune; at any rate, they can hardly expect to be relieved against their own supineness and the vigilance of others. It appears from the certificate of the District Court clerk, and affidavits filed, that on perfecting the appeal the transcripts in each case were promptly made out, and were lying in the clerk's office for months to be demanded and forwarded to this court by the appellants, but were uncalled for until after the judgments of affirmance by this court. We think this clearly not a sufficient showing of a good cause for the delay, and the motion to set aside the judgment in each case is refused.

MOTION OVERRULED.

Opinion delivered May 27, 1872.

Motion for rehearing filed and continued.

Subsequent to the motion for leave to file transcript in No. 656, appellants brought the case by writ of error within the two years from date of the judgment below.

The motion to vacate the order of affirmance becomes important to ascertain the right to their writ of error. This case brought by error is No. 1667.

## ON REHEARING.

*Hancock & West*, for appellants and plaintiffs in error.

*A. M. Jackson*, for appellees and defendants in error.

GRAY, ASSOCIATE JUSTICE.—The first three of these causes are appeals returnable to December term, 1871, of this court. They are submitted upon applications for rehearing of motions made at that term which were overruled, but the applications for rehearing continued for further consideration. The motions thus suspended were made for leave to file transcripts of the records after the day on which they should regularly have been filed, at the same term, and after motions had been made *ex parte* by appellees for, and entries of, judgments of affirmance, without reference to the merits. These entries of judgments of affirmance purport to have been made under authority conferred on the court by Sections 5 and 7 of "An act concerning the proceedings in the Supreme Court," of February 11, 1850. (Paschal's Digest, Articles 1587, 1589.) The motions for leave to file the transcripts, on appeal to be heard on the merits, and to set aside the entries of affirmance, are based on authority given by Section 8 of the same act (Paschal's Digest, Article 1590), and also on the ground that the entries of judgment, which are directly attacked by the mo-

tions, were inadvertently made by the court when juris-
diction had not been acquired so to do.

Considering the motions with reference to the time
when they were filed, it might not be necessary to con-
sider the question of jurisdiction to enter the judgments ;
because appellants were not thereby precluded to have
them set aside at the same term, upon filing the tran-
scripts and showing satisfactory cause for delay and omis-
sion to file them in due time. If sufficient cause were
shown for the delay, then the regularity or nullity of the
entries of affirmance would be wholly immaterial, be-
cause the same statute which authorized them also au-
thorized their vacation. But if there was not sufficient
cause shown for delay, so as to authorize their being va-
cated under the statute, then the question of their nul-
lity became material; because, if valid, they stood as ef-
fectual bars to writs of error, which the parties might
otherwise have sued out within two years from rendition
of the respective judgments from which appeals were
taken. At this time, however, by postponement of de-
cision on these motions for more than two years, appel-
lants in the second and third causes (Nos. 657 and 699) ap-
pear to have lost their appellate remedy by writs of error ;
and it would now seem immaterial as to them whether
the entries of affirmance were valid or void. Their only
means of obtaining a hearing on the merits of their re-
cords rests on the decision of the question of sufficient
cause having been shown for delay under the statute to
authorize their being vacated, and to allow the records to
be docketed and heard on the merits.

These considerations, however, do not apply to the first
cause (No. 656), because the appellant has sued out a
writ of error to revise the judgment below in due time,
which has been filed and docketed for this term as No.
1667; and this is opposed by a motion of defendant in
error to dismiss, in nature of a plea in bar, setting up the

entry of judgment of affirmance in that cause as *res judicata*. It therefore becomes necessary to consider the validity of those entries as judgments, as also the other grounds of the motions of appellants.

The opinion delivered by our predecessors was that of the court, and must be so weighed. As has been heretofore stated, it is not ordinarily deemed proper critically to examine the reasons for the conclusion attained; but if the result appears correct in material matters, the order taken should not be disturbed. Here, however, we are cited to another opinion of the court, delivered at the same term and by the same judge, in a similar cause previously to these motions, which is alleged to be inconsistent and irreconcilable with the opinion in these causes. If this be so, there is opinion against opinion, and that which is considered to be correct on principle and authority must be followed.

The case cited is that of Lloyd *et al.* v. Barnett, 36 Texas, 190. Upon examination of it, there appears to have been a motion for affirmance without reference to merits, upon a certificate of the clerk, but there was no transcript of the judgment below, nor of notice of appeal, nor of appeal bond filed and approved. The certificate of the clerk under seal stated that there was a judgment between certain parties, and purported to describe it, and that there had been notice of appeal and bond given. So in the causes under consideration, there was no transcript whatever from the records of the District Court, either of judgments, notice of appeal, or of bond, except in one of them, where a copy of bond was certified. The cases are plainly similar in all material respects. In that case the court made these pertinent remarks:

"It is true the statute does not explicitly require that a copy of the judgment should accompany the certificate, but the necessity of the case requires it, and we think

that the statute evidently contemplated that a certified copy of the judgment below should in every instance accompany the certificate for affirmance. This is an appellate court, and has jurisdiction only of judgments and decrees of the lower courts, *and therefore the judgment must be presented or filed in this court before jurisdiction can possibly be said to attach.* It is the judgment of the court, and not the certificate of the clerk, that is to be affirmed by this court under the statute. Besides, if the certificate of the clerk is all the law requires, then that law must of necessity confer judicial powers upon the clerk to determine the legality and sufficiency of all judgments which are sought to be affirmed on certificate, and would leave little to be done by this court excepting to obey the mandate of the clerk.''

The affirmance asked was refused for want of a transcript of the judgment below, and because, without it, the court had no jurisdiction to affirm. This is the only legitimate conclusion that can be drawn from the case; and if it be correct that there was no jurisdiction to affirm, it must necessarily follow that an improvident entry of affirmance would be void in such case and in all similar cases. There can be no judgment of a court without jurisdiction to render it. The entries in these causes were made on certificates of similar defective character, and if made without legal authority must be also void, and should have been so declared when made known to the court, especially by motion for that purpose. The distinction between the cases attempted to be drawn in the opinion in these causes is not obvious, and cannot be maintained on sound principles.

An examination of previous decisions of this court will lead to a correct conclusion. The earlier decisions especially applicable to this subject were under statutes in force prior to the act of 1850, but the principles involved are identical. They, in substance, provided that when ap-

pellant or plaintiff in error had perfected the appeal, or proceedings in error, by service of citation, and failed to file the transcript of record in this court by the time required, then appellee or defendant in error might do so at the return term, and on motion obtain an affirmance, without reference to merits.

Under these provisions it was held, in Harris v. Williams, 4 Texas, 339, that "where a party seeks the enforcement of so rigorous a rule as the affirmance of a judgment without reference to the merits, his application ought certainly to receive no favor beyond what the rule of the law may seem peremptorily to demand. He ought to be held to an exact compliance with the law in every particular." Affirmance was refused merely because there was no endorsement on the transcript by the clerk, stating the day on which it was demanded by appellee.

At the same term, in Mills v. Bagby, 4 Texas, 323, it was said: "When the motion is made by the appellee or defendant in error, for affirmance of judgment, * * * on production of the record, as it is an *ex parte* proceeding, we believe that it is the duty of the court to examine the record presented, for the purpose of deciding whether there is enough in it to give jurisdiction. Where it is an appeal, no citation is required by law; but as the statute gives twenty days to file a bond, it is believed that the appeal is not consummated until a bond has been filed, although it has been claimed in open court. * * * And until this consummation, the opposite party has no right to treat it as an appeal, and present the record and ask an affirmance. In truth, until it has been so consummated, there has been no appeal to give jurisdiction to this court, and were the judgment in such case to be inadvertently affirmed by this court, such affirmance would be a nullity and wholly void." And so also in regard to writs of error, where citation had not been served, it was said, "We cannot affirm the judgment; because, if we

were so to do, it would be void." Affirmance was re-
fused, because the record did not show the date at which
service of citation in error had been made.

Again, at the same term, in Martin & Ward v. Latimer,
Bagby & Co., 4 Texas, 335, applying the principles in the
last case, a motion was entertained to set aside a judg-
ment of affirmance at the previous term, and it was sus-
tained, because the record on which the court had acted
was defective in two particulars; first, it was not certified
to be a full transcript of all the proceedings in the suit;
and second, it did not appear that the appeal taken had
been perfected by giving bond. The entry of affirmance
was declared void for want of jurisdiction, and the man-
date issued was recalled.

The same doctrine is as clearly and cogently presented
in Burr. v. Lewis, 6 Texas, 76. After judgment of af-
firmance, motion was made at the same term (but con-
tinued to the next) to vacate it for want of jurisdiction,
on the ground that the appeal bond had been filed one
day too late. In the opinion it was said: "This court can
acquire jurisdiction of causes only by one of two modes,
by appeal or writ of error; and when the former mode is
resorted to, the jurisdiction of the court can attach only
when the appeal is perfected. To constitute an appeal
perfected, the appellant must give notice of appeal during
the term, and within twenty days after the term he must
give bond for the prosecution of the appeal. Until these
two constituents of an appeal concur, there is no appeal,
*     *     *     and the jurisdiction of the appellate
court does not attach." For this ample authority was
cited, and the entry of judgment at the former term was
declared void and vacated.

Coming to cases arising under this act of 1850, those of
Wilson v. Trueheart, 13 Texas, 287, and 14 Texas, 31;
and Chambers v. Shaw, 16 Texas, 143, were decided on
certificates. They are in point here, and the principles

held in them are in accord with the previous cases, that it must appear that citation in error had been served before jurisdiction could attach here.

· So in Patton v. Laforce, 14 Texas, 240, and White v. Proctor, 17 Texas, 406, there was transcript of judgment, petition in error and bond, duly certified; but the certificate did not show that citation in error had been served. Motions to affirm were therefore refused for want of jurisdiction.

In Crunk v. Crunk, 23 Texas, 604, transcript of the whole record was brought up and filed by appellees, but because it did not appear that service of citation had been made on all of them, the cause was struck from the docket.

Finally, in Loftin v. Nalley, 28 Texas, 128, there was motion to affirm, based upon a certificate containing a copy of judgment below and of appeal bond, dated and approved; but there was no copy or statement showing that notice of appeal had been given in open court, nor did the clerk's certificate state, in the exact words of the statute, when the appeal was perfected. The court asserted the same principles as to jurisdiction as maintained in Mills v. Bagby and Burr v. Lewis. It also commented on the insufficiency of the certificate as to the time when appeal was perfected, and proceeds to intimate that if it had been in the terms of the statute (Sec. 7, Pas. Dig., Art. 1580), yet that "it might then become a question *whether that would be sufficient evidence to this court* that all had been done necessary to give this court jurisdiction of the matter; that is, that notice of appeal had been given, and an appeal bond had been filed and approved properly." This intimation strikes my mind with force. Its pertinency will hereafter be seen.

If we analyze these cases and accurately deduce the principles on which they are founded, they will be found in accord with correct doctrine as to what constitutes the

jurisdiction of a court. Perhaps a perfect general definition of it cannot be framed. Yet I take it to be substantially this : the power conferred by law to determine causes concerning certain subjects, and between parties legally before the court, by process and notice, actual or constructive. Applying these principles to the cases under consideration, the Constitution and laws grant jurisdiction to this court, as an appellate tribunal, over the subject matter of certain kinds or classes of judgments of inferior courts, but not all kinds or classes ; and these judgments are matters of record. They also grant jurisdiction over the parties to such judgments of record, from which appeals lie to this court, when they are brought before or required to appear in either of the modes and by the means required by the law, and only in such modes and by such means as are specified.

From these premises the following deductions appear inevitable :

*First.* The final judgment below, and what it was, must be shown, for otherwise this court cannot decide whether it be one of the kind or class from which an appeal is authorized, nor whether it be not void on the face of the record. No presumption of such facts can be indulged from a mere statement of a clerk what appears to him by the record. A copy of the judgment record should be produced.

*Second.* The notice of appeal of record in term when judgment final was rendered, or in cases of error the service of citation, must be shown. No party can be held in default in any court without legal notice to appear there. The necessity for service of citation in error is too manifest to require comment. In cases of appeal, the notice of appeal in open court is the foundation of jurisdiction over the appellee. By law such notice is the process of citation then served in court and recorded, requiring the appellee to appear at the next term of the appellate

court, there to respond to the complaint of appellant. This notice is the appellation or call, the citation of the appellee, and without it he could not be put in default for not appearing here ; nor can he claim that there was an appeal unless such notice appears of record, so as to put appellant in default for not appearing here.

*Third.* The perfection of the appeal by giving bond in cases where the law requires bonds to be given, or of bond for *supersedeas* or for costs in cases of error, must also appear. These are the conditions imposed by law for the security of appellees against frivolous appeals, and as a guaranty that appellant will prosecute his notice of appeal or writ of error. If he fails to comply with these conditions, it is an abandonment of the appeal, which he has a right to do; and neither party then is under any obligation to appear before this court, and cannot be put in default for failing so to do.

Now all these matters appear of record in the court below, and this is an appellate court authorized in general to determine causes by the record. The question is, upon what evidence of these things is this court empowered to exercise its jurisdiction to determine the appeal or complaint in error?

The language used in Section 7 of the act of 1850 is certainly very general, and, literally construed, might be taken to intend the substitution of the certificate of facts by the clerk for his official certificate to a transcript of the judgment, notice, or citation and service, and bonds. If that was its intention, I have no hesitation in holding that the Legislature has no power to require an appellate court to act upon such statements of what a record may or may not contain; nor upon the mere opinion and judgment of a clerk, whether there was a judgment or perfection of an appeal or writ of error. An appellate court, in my opinion, in exercise of appellate jurisdiction, can only be required to act on the record, or such transcript of it as

may be authorized by law, to be authenticated in every particular. It is not a matter, in my judgment, which the clerk can be authorized to decide, whether an appeal or writ of error has been perfected. That is a conclusion of law for the decision of the court upon the record, and not upon the opinion of a ministerial officer. But the majority of the court do not concur in this view to the entire extent. They do concur, however, that there must be a certified transcript of the judgment and of the notice of appeal, and that the certificate of the clerk should state, in the exact terms of the statute, when the appeal or writ of error was perfected.

It results from these views that the opinion of our predecessors in Lloyd v. Barnett was correct, while that given in these causes was inconsistent with it on this point, and that the entries of affirmance made in these causes, in December, 1871, were void. The entry in No. 656 is, therefore, no bar to the writ of error sued out in cause No. 1667.

Upon the other grounds of the motion for leave to file the transcripts, there is room for difference of opinion on the facts shown in the affidavits and counter-affidavits. We should be unwilling to set aside any final order of our predecessors, on a mere difference of opinion on facts, if the parties had the same remedy now, by writ of error, as they had when the motions were presented. But as that remedy has been lost, without their fault, by postponement of decision on these motions which should properly have been made at the same term, we are perhaps disposed to view the causes of delay with leniency. In the causes Nos. 656 and 657 we should have considered the excuses for delay as sufficient in themselves. In cause No. 699 they are not satisfactory, and would not have been allowed, because it is not shown when appellant first learned of the death of his attorney, and that he did not have ample time to have employed another

after such knowledge, nor that he had in fact taken any steps whatever until after he heard of the decision of the case by affirmance.

It is therefore the opinion of the court that the motions for leave to file the records in Nos. 656 and 657 be granted, and that they be filed for hearing in their regular order, and that the motion for such leave in No. 699 be overruled ; also, that the motion to dismiss writ of error in cause No. 1667, on the grounds therein stated, be overruled, but that plaintiff in error elect which remedy he will pursue, and that the costs of the cause not prosecuted be taxed against him.

ORDERED ACCORDINGLY.

Justice Moore, having been of counsel, did not sit in these cases.