WILLIAM CRAVENS v. M. J. WILSON AND BENJAMIN WILSON.

48 321
91 690

1. JUDGMENT.—Though it is not necessary to render judgment against the securities on a cost bond, when judgment is rendered for the defendant, yet if judgment be rendered against the securities, on error to the Supreme Court .they would be proper parties to the writ.

2. WRIT OF ERROR—PRACTICE.—A defendant in error may accept service of the writ of error.

3. APPEAL—WRIT OF ERROR.—The fact that the transcript shows a complete execution of the judgment appealed from, furnishes no reason why the action of the court below should not be reviewed on appeal or writ of error.

4. PRACTICE.—A motion to dismiss a writ of error, based on a neglect of a mere matter of form, is not granted, when the motion is filed after the first day of the assignment to which the case belongs has passed.

ERROR from Shelby.    Tried below before the Hon. George Lane

[In this case and the one following, Chief Justice ROBERTS. and Associate Justice MOORE were disqualified, and John C. Robertson, Esq., and T. W. Jones, Esq., were appointed special judges.]

A motion was made to dismiss this case, on grounds set forth in the opinion.

*Drury Field,* for defendant in error.

*Reeves & Dodd,* for plaintiffs in error, in resisting the motion to dismiss, cited Metz v. Bremond, 13 Tex., 394, 395; Jewett v. Miller, 19 Tex., 291; Crain v. Griffis, 14 Tex., 362; Chambers v. Shaw, 16 Tex., 145, 146; Paschal's Dig., arts. 1494, 1495.

TIGNAL W. JONES, SPECIAL JUSTICE.—The defendants in. error ask the court to dismiss this case on several grounds.

21

The first ground of the motion is, substantially, that the writ of error was never served on C. S. Hicks and N. W. Kidd, two of the parties to the judgment in the court below; and the second is, that there is no acceptance of service by them of the petition for the writ of error on file in the District Court.

It is shown, by the record, that Hicks and N. W. Kidd were sureties of the plaintiff in the court below on his costs bond, and that judgment was rendered by that court against them, with their principal, in favor of the defendant in the suit, for the costs as between them incurred in the suit.

We do not think it was necessary, even if permissible, to render judgment against the sureties on the plaintiff's costs bond for the costs adjudged against the plaintiff, the bond itself having the force and effect of a judgment against the obligors therein for the costs adjudged against the plaintiff. (Paschal's Dig., art. 1501.) But be this as it may, they are parties to the judgment, and their interests are affected by it, and they are, therefore, proper parties defendant in the writ of error.

The transcript of the record does not show that the writ of error was ever served on them, but it does show that they accepted service of the writ of error on the petition for the writ. This, we think, is sufficient to bring them properly before this court in this case.

The Supreme Court of this State has decided, in several cases, that a defendant in error may accept service of the citation in error. (Seybold *v.* Boyd, 14 Tex., 460; Chambers *v.* Shaw, 16 Tex., 145; Holloman *v.* Middleton, 23 Tex., 537.)

Another ground of the motion to dismiss is, that it appears, from the transcript, that the judgment has been fully executed.

The only evidence furnished by the transcript of the execution or satisfaction of the judgment, is that which is contained in the sheriff's return to the writ of possession. This

shows-the execution of the writ by the sheriff placing Benjamin Wilson, the intervenor who recovered the land in controversy in the suit, in possession of the land, and the collection of the costs adjudged against the defendant in favor of the intervenor; but it does not show the collection and payment of $45.70, adjudged to be paid by the intervenor to the defendant, nor does it show the costs adjudged against the plaintiff and the sureties on his costs bond, Hicks and Kidd, to have been collected. But if it did show a complete execution of the judgment of the District Court, we are of the opinion that it would furnish no reason why the case should not be revised on appeal or writ of error by this court.

When a judgment of the District Court is executed or satisfied by a resort to legal process, we can perceive no reason why the judgment should not be reviewed on appeal or writ of error by the Supreme Court.

It may be, that in some cases, where there is a voluntary execution or satisfaction of the judgment by the parties, neither an appeal nor writ of error to the Supreme Court would be entertained by the court. But it is not necessary to decide this question, and therefore we do not undertake to do it.

There are two other grounds in the original motion: one, that the parties Hicks and Kidd are not properly before the court; and the other, that the court has not jurisdiction. These grounds of the motion are, as we think, involved in those grounds of the motion that have been already considered, and therefore need not be further considered.

There are two grounds on which the court is asked to dismiss the writ of error in the amended motion, viz.: one, that the seal is not over the tie of the tape that fastens the transcript together, as is required by the rule; and the other, that the clerk's certificate is not sufficient. The amended motion was not filed until after the first day on which the assignment to which this case belongs had passed. So that,

if there was anything in the objection as to the manner in which the seal is placed over the tie of the tape, and we do not think there is, as there is a substantial, if not literal, compliance with the rule, we cannot now entertain this ground of the motion, it being in reference to a matter of form. The other ground of the amended motion, in reference to the clerk's certificate to the transcript, is not well taken.

We can perceive no objection to the certificate. We think it a substantial compliance with the statute.

The motion to dismiss the writ of error in this case is overruled.

MOTION OVERRULED.