SUPREME COUNCIL AMERICAN LEGION OF HONOR v.
DORA ANDERSON.

Decided October 19, 1904.

1.—Affirmance on Certificate—Transcript.
    To give the appellate court jurisdiction to affirm a judgment on certificate, the motion for affirmance must be accompanied by a transcript containing a copy of the judgment.

2.—Statutory Construction.
    The adoption or re-enactment of a statute which has received judicial construction is presumed to enact it with the construction so placed upon it.

Appeal from District Court of Milam.   Opinion on motion.

John T. Duncan and Hefley, McBride & Watson, for motion.

KEY, ASSOCIATE JUSTICE.—This is a motion to affirm on certificate. It is accompanied by a certificate of the clerk of the court below stating that the appellee brought suit in that court to recover a sum in excess of $1000 for breach of a contract of insurance; that the defendant was cited, appeared and filed answer, and the case was tried and judgment rendered for the plaintiff and against the defendant for the sum of $1552.16; that the defendant excepted and gave notice of appeal, and in proper time filed an appeal bond, which had been duly approved by the clerk; that no transcript had ever been demanded by the appellant and none had been prepared by the clerk.

The motion is also accompanied by a certified copy of an appeal bond in due form, filed at the time stated in the clerk's office, but no copy of the judgment has been sent up.

In 1874 in House v. Williams, 40 Texas, 351, and Houston and T. C. Ry. Co. v. Greenwood, 40 Texas, 362, our Supreme Court, in construing the statute then in force and authorizing affirmance on certificate by that court, held that in order to confer jurisdiction and authorize such affirmance, it was necessary that the motion to affirm on certificate should be accompanied by a transcript made by the clerk and containing a copy of the judgment and appeal bond, if such bond had been given.

The statute authorizing affirmance on certificate by this court is substantially the same and was evidently copied from the statute construed by the Supreme Court in the cases cited.   And it is a familiar rule that when the Legislature adopts a statute in force in another State, or re-enacts a statute formerly in force in the particular State, it will be presumed that the construction formerly placed upon the statute by the court of last resort was known to the Legislature, and that in re-enacting the statute it was the legislative intent that it should have the meaning so placed upon it by the courts.

Applying this rule to the matter under consideration, we hold that the certificate is fatally defective, because it does not contain and is not accompanied by a copy of the judgment.

The motion to affirm on certificate is overruled.

Motion overruled.