cently decided by this court and not [officially] reported.

[2] Complaint is made to the action of the court in permitting the state to prove by the witness Oliver, owner of the drug store in question, that just a short time prior to the burglarizing of his store in question, appellant Webb was standing close to him while he was operating and working the combination on his safe from which the whisky was missing. We are of the opinion that there is no error shown in this particular, as this evidence tended to connect the appellant Webb with the alleged burglary of the store from which the said whisky was taken.

[3] Appellant complains in bills of exceptions to the court's permitting the state to show by evidence the burglarizing of the drug store in question, and the missing of the whisky therefrom, and the missing of a watch, face powders, and Jamaica ginger, and the proof of finding face powders and Jamaica ginger in possession of appellant Augerot of the kind that was kept in said drug store, and as to the testimony of Mrs. Pegues relative to the appellants' coming to her house and having packages on the night of the alleged burglary, and her requesting that they take said packages away, because it is contended that all of said testimony was prejudicial and unnecessary to show the transporting of the whisky in question by the appellants. We are of the opinion that all of said bills, raising said questions and similar questions, show no error, and are without merit, because said evidence connects the appellants with the offense of the transporting the whisky in question, and that it was permissible for the state to show by said testimony the entire transaction and appellants' connection therewith.

[4] There is complaint made to the action of the court in permitting the state to introduce a confession made by the appellant Augerot to the officers, because it is alleged that it was not shown that he was properly warned, and was not reduced to writing. There is no merit in this contention, because this evidence came fully within the exception of the statute which provides that, where the secreted stolen property is found as a result of said confession, it is not necessary to show warning or a written confession. Article 727, C. C. P. 1925 Revised Penal Code; Vernon's C. C. P. art. 810. In this instance the testimony of the officers showed that from the confession received they found one bottle of whisky in question where appellant told them they had placed it. The court in his charge to the jury properly limited said confession to the question of guilt or innocence of Augerot alone, and instructed the jury they could not consider same as any evidence against appellant Webb.

After careful examination of the entire record, we are of the opinion that there is no error shown in the trial of this case, and the judgment of the trial court should be affirmed, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

## HOFHEINZ v. WILSON et al.    (No. 6117.)

(Court of Civil Appeals of Texas. Austin. Nov. 25, 1925.)

Appeal and error ⊜⟶1125—No affirmance on certificate; appeal not being shown perfected.

There can be no affirmance on certificate, under Rev. St. 1925, art. 1841; the record presented not showing that appeal bond was filed or that the appeal was otherwise perfected.

Error from District Court, Travis County; Geo. Calhoun, Judge.

Action between E. J. Hofheinz and John Wilson and others. Judgment was adverse to Hofheinz, and he brought error. On motion of Wilson and others to affirm on certificate. Motion overruled.

Hart, Patterson & Hart, of Austin, for plaintiff in error.

Dickens & Dickens and Harris & Harris, all of Austin, for defendants in error.

McCLENDON, C. J. Motion to affirm on certificate. Notice of appeal given, but the record presented does not show by certificate of the clerk or otherwise that appeal bond was filed or that the appeal was otherwise perfected. This court is therefore without jurisdiction to affirm on certificate. R. S. 1925, art. 1841; Supreme Council v. Anderson, 36 Tex. Civ. App. 615, 83 S. W. 207; Brightman v. Brightman (Tex. Civ. App.) 166 S. W. 415.

The motion is overruled.

---

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes